## THE STATE v. GEORGE GOINGS.

*Indictment—Larceny—Receiving—General Verdict.*

A judgment, upon a general verdict of guilty, upon an indictment containing two counts—one for horse stealing, under §1066 of *The Code*, and the other for receiving, under §1074, is erroneous—the offences not being of the same grade and the punishment being different.

(*State* v. *Johnson*, 75 N. C., 123, and *State* v. *Lawrence*, 81 N. C., 522, cited).

INDICTMENT for larceny and receiving, tried before *Gilmer*, *Judge*, at July Term, 1887, of ROCKINGHAM Superior Court.

The defendant is charged in the indictment, in a first count under the statute (*The Code*, §1066,) with the larceny of a horse, and in a second count under the statute (*The Code*, §1074,) with receiving the same horse, knowing him to have been stolen, and both counts conclude against the statute. On the trial, there was a general verdict of guilty.

The defendant moved in arrest of judgment, assigning as ground for the motion that the maximum of punishment for the former offence was twenty years, (*The Code*, §1066, and that for the latter was ten years, (*The Code*, §§1074, 1075,) and, therefore, as the verdict was general, the Court could not intelligently determine upon which count it would proceed to judgment.

The Court overruled the motion, and gave judgment that he be imprisoned in the Penitentiary for the term of seven years, and he appealed.

*The Attorney General* and *Mr. E. C. Smith*, for the State.
*Mr. C. B. Watson*, for the defendant.

MERRIMON, J., (after stating the case). We are of opinion that the Court should not have proceeded to judgment upon the general verdict of guilty, because the two offences charged in the indictment were not of the same grade, nor was the punishment the same in each, in contemplation of the statute. In the nature of the matter, the Court could not determine for which offence the punishment ought to have been imposed, and, therefore, could not mete it out as contemplated by the law. The sentence was for but seven years' imprisonment in the Penitentiary, but for which offence? The record does not show. If the Court had set forth in the judgment that the punishment was for one of the offences, and not for the other, it could not have seen upon the record anything indicating for which offence the punishment should have been imposed, and if it imposed the punishment for receiving the stolen horse, it may be it would have imposed a greater measure, if it could have known that the defendant stole the horse. The record ought to show upon its face for what particular offence the defendant is punished, when two or more offences are allowed to be charged in the indictment. It may be that if the jury had rendered a separate verdict as to each count—as to one guilty, and as to the other not guilty—this would have obviated the objection; but that view of the case is not before us.

The case of *State* v. *Johnson*, 75 N. C., 123, was substantially like the present one. In it the Court said: "The offences charged in the two counts are not of the same grade, and the punishment is not the same, so, upon a general verdict, 'the record' does not enable the Court to know upon which count, in other words, for which offence, the prisoner should be sentenced, and no judgment can be given without inconsistency and error upon the face of the record."

That case was afterwards recognized, with approval, in *State* v. *Lawrence*, 81 N. C., 522.

There is, therefore, error. The judgment must be reversed.

To that end, and to the end that further proceedings may be had in the action, according to law, let this opinion be certified to the Superior Court.

