STATE OF NORTH CAROLINA v. ULYSEES PERRY

No. 59A81

(Filed 3 March 1982)

1. **Larceny § 9— acquittal of breaking or entering—absence of finding as to value of stolen property—felonious larceny conviction improper**

G.S. 14-72(b)(2) does not permit a defendant's conviction of felonious larceny merely because he committed the larceny pursuant to or after a breaking or entering by some stranger, and it is improper, absent the jury's finding that the property stolen exceeded the amount set forth in G.S. 14-72(a), for

the trial judge to accept a verdict of guilty of felonious larceny where the jury has failed to find the defendant guilty of the felonious breaking or entering pursuant to which the larceny occurred.

**2. Criminal law § 26.5; Larceny § 1— punishment for larceny and possession of stolen property—no double jeopardy**

     The offenses of larceny and possession of the property which was the subject of the larceny are two separate and distinct offenses, and double jeopardy considerations therefore do not prohibit punishment of the same person for both offenses.

**3. Larceny § 1; Receiving Stolen Goods § 1— larceny, receiving, and possession of stolen goods—conviction of only one offense**

     While the crimes of larceny, receiving, and possession of stolen property are separate and distinct offenses, the Legislature did not intend to punish a defendant for receiving or possessing the same goods that he stole. Therefore, though a defendant may be indicted and tried on charges of larceny, receiving, and possession of the same property, he may be convicted of only one of those offenses. G.S. 14-71.1; G.S. 14-72.

     Justice MITCHELL took no part in the consideration or decision of this case.

     Justice CARLTON concurring in result only.

THE State of North Carolina appeals as of right pursuant to G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals reported at 52 N.C. App. 48, 278 S.E. 2d 273 (1981).

The defendant was charged in a bill of indictment, proper in form, with felonious breaking or entering with intent to commit larceny, felonious larceny after breaking and entering, felonious receipt of stolen property knowing it to be stolen, and felonious possession of stolen property knowing it to be stolen. His case came on for trial at the 30 June 1980 Session of Superior Court, Wayne County. The evidence showed that on Sunday afternoon, 11 May 1980, the Reverend Willard Carlton locked and secured the Moye Memorial Free Will Baptist Church building in Goldsboro after that day's services. Sometime between that afternoon and Monday, 19 May 1980, there was a breaking and entering at the church and three gas heaters were taken. On 19 May 1980 Reverend Carlton discovered the doors of the church open with their latches broken and the heaters missing. He immediately notified the sheriff's department. On or about the 26th day of May, Reverend Carlton observed two of the heaters in Williams' Used Furniture and notified the sheriff of their location. The

sheriff's investigation disclosed that on 16 May 1980, Woodrow Williams, the owner of Williams' Used Furniture, purchased the two heaters from a black male who identified himself as Ulysees Perry. Mr. Williams paid for the heaters by check payable to Ulysees Perry in the amount of $35.00. The check was endorsed "Ulysees Perry" and was cleared through Williams' bank account. Mr. Williams made an in-court identification of the defendant as the man who sold him the heaters. Williams testified that in his opinion the fair market value of the heaters was $75.00 each and that this was the price he put on them for sale in his store.

For proof of the larceny charge the State relied solely on the doctrine of recent possession. The judge submitted to the jury three counts: felonious breaking or entering, felonious larceny pursuant to a breaking or entering, and felonious possession of stolen property. The charge of felonious receiving was not submitted. The jury returned verdicts of not guilty on the breaking or entering charge, guilty of felonious larceny and guilty of felonious possession. The defendant moved to set aside the jury's verdict on the grounds that it was not supported by the evidence and that it was inconsistent. The judge denied the motion on both grounds and sentenced the defendant to three to six years imprisonment on the larceny conviction and two years imprisonment on the possession conviction. The defendant appealed to the Court of Appeals. That court, for the trial judge's failure to submit for jury determination the value of the property stolen, vacated the felonious larceny conviction, and remanded the case to the trial court for entry of judgment as upon a verdict of guilty of misdemeanor larceny. It also, because of double jeopardy considerations, vacated the possession conviction, and remanded the case to the trial court for dismissal. One judge dissented as to vacating the possession conviction citing the decision by a different panel of the Court of Appeals in the case of *State v. Andrews*, 52 N.C. App. 26, 277 S.E. 2d 857 (1981), as setting forth the applicable law on the question of former jeopardy.

*Rufus L. Edmisten, Attorney General, by Evelyn M. Coman and Charles M. Hensey, Assistant Attorneys General, for plaintiff-appellant.*

*John W. Dees, attorney for defendant-appellee.*

MEYER, Justice.

The State's appeal sets forth two issues: (I) whether the Court of Appeals erred in vacating the felonious larceny conviction and directing entry of a judgment based upon misdemeanor larceny, and (II) whether the Court of Appeals erred in vacating the possession conviction and ordering the charge dismissed because of double jeopardy considerations.

(I)

[1] In support of its contention that the Court of Appeals erred in reducing the felonious larceny conviction to a misdemeanor, the State argues that G.S. § 14-72 will support the interpretation that a defendant can be found guilty of felonious larceny after a breaking or entering without the necessity of a finding either (1) that the defendant personally committed the breaking or entering or that he was an accessory or aider and abetter to the principal who committed the breaking or entering, or (2) that the property stolen had a value of more than $400.00. The thrust of the State's argument is that a defendant can be found guilty of *felonious* larceny regardless of the value of the goods involved, if his act of larceny occurs pursuant to or after a breaking or entering by anyone and, therefore, the conviction of the defendant here of felonious larceny pursuant to a breaking or entering is neither inconsistent with nor contradictory to his acquittal of breaking or entering charges. We cannot agree.

G.S. § 14-72, as it existed at the time of this offense, provided in pertinent part as follows:[1]

§ 14-72. *Larceny of property; receiving stolen goods or possessing stolen goods not exceeding $400.00 in value.* — (a) Except as provided in subsections (b) and (c) below, the larceny of property, the receiving of stolen goods knowing them to be stolen or the possessing of stolen goods knowing them to be stolen, of the value of not more than four hundred dollars ($400.00) is a misdemeanor punishable under G.S. 14-3(a). In all cases of doubt, the jury shall, in the verdict, fix the value of the property stolen.

1. The Legislature amended subsection (a) of G.S. § 14-72 to become effective subsequent to the date of the offense here charged.

(b) The crime of larceny is a felony, without regard to the value of the property in question, if the larceny is:

(1) From the person; or

(2) Committed pursuant to a violation of G.S. 14-51, 14-53, 14-54 or 14-57; or

. . . .

This statute provides, *inter alia*, that the larceny of property of the value of not more than $400.00 is a misdemeanor unless the larceny fits into one or the categories enumerated in subsection (b).

The defendant was convicted of felonious larceny under section (b)(2) upon the theory that *he* stole the heaters pursuant to a breaking or entering in violation of G.S. § 14-54. However, the jury acquitted the defendant of the actual breaking or entering. The trial judge did not submit for jury determination the value of the property stolen.

All of the evidence showed that the three heaters had a value of $75.00 each or an aggregate value of less than $400.00. In vacating the felonious larceny conviction, the Court of Appeals relied on *State v. Keeter*, 35 N.C. App. 574, 241 S.E. 2d 708 (1978), cases cited therein, and *State v. Cornell*, 51 N.C. App. 108, 275 S.E. 2d 857 (1981). The cases cited set forth the rule that it is improper, absent the jury's finding that the property stolen exceeded the diacritical amount set forth in the statute, for the trial judge to accept a verdict of guilty of felonious larceny where the jury has failed to find the defendant guilty of the felonious breaking or entering pursuant to which the larceny occurred.

'Our courts have repeatedly held that where a defendant is tried for breaking or entering and felonious larceny and the jury returns a verdict of not guilty of felonious breaking or entering and guilty of felonious larceny, it is improper for the trial judge to accept the verdict of guilty of felonious larceny unless the jury has been instructed as to its duty to fix the value of the property stolen; the jury having to find that the value of the property taken exceeds $200.00 for the larceny to be felonious.'

(Citation omitted.) G.S. 14-72 was amended, effective 1 January 1980, to increase from $200 to $400 the value which stolen property must exceed in order to constitute a felony. 1979 Sess. Laws, ch. 408.

*State v. Perry*, 52 N.C. App. 48, 52-53, 278 S.E. 2d 273, 277.

Although the State urges us to overrule as unsound the prior cases establishing the rule set out above, we decline to do so. We believe that the statute cannot reasonably be interpreted to permit the defendant's conviction of felonious larceny merely because he committed the larceny pursuant to or after a breaking or entering by some stranger. The only case upholding a felonious larceny conviction following the defendant's acquittal of breaking or entering is *State v. Curry*, 288 N.C. 312, 218 S.E. 2d 374 (1975). There, this Court held that on the special facts in that case, a not guilty verdict on the breaking or entering count was not necessarily a finding by the jury that the larceny was not committed by the defendant pursuant to a breaking or entering. The Court reasoned that, given the facts produced at trial, the instructions of the trial judge and the verdicts, the jury in *Curry* must have found that the defendant aided and abetted two other men in a larceny *they* committed pursuant to a breaking or entering by *them*, but did not aid or abet them in the breaking or entering. Thus, the two verdicts were logically reconciled. Here, the State did not contend, nor was any evidence presented which would permit the jury to find, that Perry had aided or abetted another's larceny pursuant to a breaking. We agree with the decision of the Court of Appeals that the case must be remanded to the superior court for vacation of the felonious larceny conviction and for the pronouncement of judgment as upon a verdict of guilty of misdemeanor larceny.[2]

(II)

The State next contends that the Court of Appeals erred in vacating the defendant's possession conviction and in ordering

2. The Court of Appeals noted, and we agree, that, but for our ruling on the second issue, the trial court's failure to instruct the jury to fix the value of the stolen property and to submit an issue of *misdemeanor possession* would likewise require vacating the *felony possession* conviction for the same reason the defendant's conviction of felonious *larceny* must be reduced.

that charge dismissed because of double jeopardy considerations. The Court of Appeals in effect held that the defendant's conviction of possession of stolen goods must be vacated because he could not be convicted of both larceny of the property and possession of the same stolen property which was the subject of the larceny. That court reasoned, first, that the Legislature did not intend for there to be two separate and distinct offenses, and second, that double jeopardy considerations preclude conviction of both offenses. We cannot concur in the first reason expressed and, because of our disposition on other grounds, we do not reach the second.

While we believe that the Court of Appeals was correct in its ultimate conclusion that the defendant could not be convicted of both possession of the stolen property and of the larceny of the same property, we do so for reasons different than those expressed in that court's opinion.

We reason first, that larceny and possession of the property stolen in the larceny are separate and distinct offenses and therefore double jeopardy considerations do not prohibit punishment of the same person for both offenses; and second, that although it could have done so, the Legislature, by creation of the statutory offense of possession of stolen property, did not intend to punish an individual for both offenses.

(1)

[2] We find it unnecessary to engage in a lengthy discussion of double jeopardy considerations as did the panel below. The language employed in our North Carolina cases to define the test for double jeopardy is set out in *State v. Cameron*, 283 N.C. 191, 198, 195 S.E. 2d 481, 486 (1973), as follows:

'The test of former jeopardy is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. Hence, the plea of former jeopardy, to be good, must be grounded on the 'same offense' both in law and in fact, and it is not sufficient that the two offenses grew out of the same transaction. If evidence in support of the facts alleged in the second indictment would be sufficient to sustain a conviction under the first indictment, jeopardy attaches, otherwise not. However,

if proof of an additional fact is required in the one prosecution, which is not required in the other, even though some of the same acts must be proved in the trial of each, the offenses are not the same, and the plea of former jeopardy cannot be sustained . . . .'

Our language follows closely the test employed by the United States Supreme Court to determine whether certain activity constitutes two offenses or only one as set out in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932):

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.[3]

As pointed out in a recent United States Supreme Court decision, "the question of what punishments are constitutionally permissible is not different from the question of what punishment the Legislative Branch intended to be imposed." *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed. 2d 275 (1981). Thus, at issue here is whether the Legislature intended the offenses of larceny of property and possession of that property to be separate and distinct offenses. We believe that it did.

The majority of the panel of the Court of Appeals treated the possession incident to the larceny as a punishable offense and held that:

Evidence establishing commission of the offense of larceny necessarily also establishes commission of the offense of possession of the stolen property which was the subject of the larceny. It is impossible to take and carry away the goods of another without in the process possessing those goods with knowledge that they are stolen. There are no facts to be proven in establishing possession of stolen goods which are not also proven in establishing the larceny of those goods. The prosecutor who has made out a case of larceny *ipso facto*

---

3. While *Blockburger* involved two provisions which were both statutory and we are here concerned with one statutory offense (possession) and one common law offense (larceny), the principle is the same.

State v. Perry

has also made out a case of possession of the stolen goods which were the subject of the larceny. '[I]t is clearly *not* the case that "each [statute] requires proof of a fact which the other does not." '

52 N.C. App. 48, 57, 278 S.E. 2d 273, 280.

We cannot agree.

Contrary to the majority of the panel below, we conclude that the offenses of larceny and possession of the property which was the subject of the larceny are two separate and distinct offenses. The essential elements of possession of stolen property are:[4]

(1) possession of personal property;

(2) which has been stolen;

(3) the possessor knowing or having reasonable grounds to believe the property to have been stolen; and

(4) the possessor acting with a dishonest purpose.

*See* G.S. §§ 14-71.1, 14-72; *State v. Davis*, 302 N.C. 370, 373, 275 S.E. 2d 491, 493 (1981); N.C.P.I.—Crim. § 216.46.

The essential elements of larceny are that the defendant:

(1) took the property of another;

(2) carried it away;

(3) without the owner's consent; and

(4) with the intent to deprive the owner of his property permanently.

*See State v. Booker*, 250 N.C. 272, 108 S.E. 2d 426 (1959); G.S. § 14-72(a); N.C.P.I.—Crim. § 216.05.

Proof only that one is in possession of personal property of a certain value which has been stolen, knowing the same has been stolen, and with a dishonest purpose, will not satisfy all of the

---

4. The principle is the same whether the offenses are both misdemeanors or both felonies.

elements required for proof of larceny.[5] Clearly, in order to convict an individual of possession of stolen property, the State is not required to prove the asportation, that is, that he took and carried away the property. Conversely, in order to convict an individual of larceny, the State is not required to prove that he possessed the stolen property after the larceny was completed. Simply put, proof of asportation is required for the larceny charge but not for the possession charge, while proof of possession after the larceny is complete is required for the possession charge but not for the larceny charge. Each crime "requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 184, 76 L.Ed. 306, 309. Larceny and possession of property stolen in the larceny are separate crimes.[6] Nothing in the United States Constitution or in the Constitution of North Carolina prohibits the Legislature from punishing a defendant for both offenses.

(2)

[3] The fact that larceny and possession of property stolen in that larceny are two separate and distinct offenses, for which a defendant *may be* punished does not mean however that he is so punishable under our statutes.

Unlike larceny, which is a common law offense, possession of stolen property is a statutory crime created by the Legislature and is of recent vintage. 1977 N.C. Sess. Laws, c. 978. By enactment of the provisions constituting possession of stolen property a crime, we do not ascribe to the Legislature the intent to punish a defendant for possession of the same property which he himself stole in the larceny.

---

5. While the doctrine of recent possession, by way of reasonable legal inferences, supplies presumptive evidence of the acts making up the elements of the crime of larceny, we note that the doctrine requires the additional proof that the possession occurred so soon after the goods were stolen and under such circumstances as to make it unlikely that the defendant obtained the possession of them honestly.

6. We are fortified in our conclusion by the fact that the Legislature has now provided that possession and larceny carry the same punishment. G.S. §§ 14-71.1, 14-72. This is a clear indication of the Legislature's intention that these two offenses be separate crimes of equal punishment rather than that the former be a lesser included offense of the latter. The same punishment is provided for receiving. G.S. § 14-71. *See State v. Davis*, 302 N.C. 370, 275 S.E. 2d 491.

While, as asserted by the Court of Appeals, it may be impossible to take and carry away goods without possessing them, it does not follow that our Legislature intended to punish a defendant for that possession as a separate crime. The intent of the Legislature controls the interpretation of a statute. *Jolly v. Wright*, 300 N.C. 83, 265 S.E. 2d 135 (1980); *Burgess v. Brewing Co.*, 298 N.C. 520, 259 S.E. 2d 248 (1979). Our review of the legislative history and case law background against which our possession statutes were enacted and our analysis of its internal provisions lead us to the conclusion that, by its enactment, the Legislature did not intend to punish an individual for larceny of property and the possession of the same property which he stole.

Prior to the enactment of our statutes creating the statutory offense of possession of stolen property, the mere possession of such property was not a crime. Then, as now, upon evidence *only* that an individual was found to be in possession of stolen property, if the State could not prove possession so recent after the larceny as to raise the presumption that that individual stole it, he could not be convicted of larceny.[7] If the State could not prove that someone else stole it, he likewise could not be convicted of receiving stolen property as our Court decisions had established that recent possession did not permit a presumption of receiving.[8] In that situation, many individuals found in possession of stolen property, including known dealers in such goods, were going unprosecuted. We believe it was with this background in mind that the Legislature enacted our possession statutes.

In *State v. Kelly*, 39 N.C. App. 246, 249 S.E. 2d 832 (1978), the Court of Appeals held that possession, unlike receiving, does not require proof that someone else stole the property. We agree with the rationale set forth in *Kelly* by Judge Harry Martin that the possession statutes were passed to provide protection for society in those incidences where the State does not have sufficient evidence to prove who committed the larceny, or the

---

7. In order to convict a defendant of the crime of larceny, there must be proof of each of the elements previously set forth herein, to wit, that defendant (1) took the property of another; (2) carried it away; (3) without the owner's consent, and (4) with the intent to deprive the owner of his property permanently.

8. *State v. Muse*, 280 N.C. 31, 185 S.E. 2d 214 (1971), *cert. denied*, 406 U.S. 974, 92 S.Ct. 2409, 32 L.Ed. 2d 674, *rehearing denied*, 409 U.S. 898, 93 S.Ct. 99, 34 L.Ed. 2d 157 (1972), *citing State v. Neill*, 244 N.C. 252, 93 S.E. 2d 155 (1956).

elements of receiving. As Judge Martin pointed out, this could occur where the State has no evidence as to who committed the larceny and has, by the passage of time, lost the probative benefit of the doctrine of recent possession. We agree in this respect with the reasoning of the majority below that:

> The apparent intent was to provide for the State a position to which to recede when it cannot establish the elements of breaking and entering or larceny but can effect proof of possession of the stolen goods.

52 N.C. App. 48, 54, 278 S.E. 2d 273, 278.

The same might be said of possession as has often been said of receiving — it is a "sort of secondary crime based upon a prior commission of the primary crime of larceny." *State v. Muse,* 280 N.C. 31, 185 S.E. 2d 214 (1971), *cert. denied,* 406 U.S. 974, 92 S.Ct. 2409, 32 L.Ed. 2d 674, *rehearing denied,* 409 U.S. 898, 93 S.Ct. 99, 34 L.Ed. 2d 157 (1972), *citing State v. Neill,* 244 N.C. 252, 93 S.E. 2d 155 (1956).

In the interest of judicial economy, we have chosen to consider the obvious question of whether a defendant may be convicted and punished for both receiving and possession of the same stolen property. We conclude that he may not.

In *State v. Davis,* 302 N.C. 370, 275 S.E. 2d 491, this Court held that receiving and possession are distinct and separate crimes. While the two are separate crimes. for which the Legislature could have provided punishment for the same individual, we do not believe such was intended by the enactment of the possession statutes. Our reasoning is the same as we have expressed as to larceny and possession. The possession statutes were enacted to plug a loophole in the law as it then existed when one was found in possession of stolen goods and the State was unable to prove either the larceny or receiving.

The prosecutor may of course go to trial against a single defendant on charges of larceny, receiving, and possession of the same property. However, having determined that the crimes of larceny, receiving, and possession of stolen property are separate and distinct offenses, but having concluded that the Legislature did not intend to punish an individual for receiving or possession of the same goods that he stole, we hold that, though a defendant

may be indicted and tried on charges of larceny, receiving, and possession of the same property, he may be convicted of only one of those offenses.[9] *See State v. Davis,* 302 N.C. 370, 275 S.E. 2d 491; *State v. Goings,* 98 N.C. 766, 4 S.E. 121 (1887)

In summary, we affirm the action of the Court of Appeals in remanding the larceny case for resentencing as upon a verdict of guilty of misdemeanor larceny and we affirm, for different reasons, the action of the Court of Appeals in vacating the conviction for possession of stolen property and remanding the possession case for dismissal of the charges.

As to the larceny charge — affirmed.

As to the possession charge — modified and affirmed.

Justice MITCHELL took no part in the consideration or decision of this case.

Justice CARLTON concurring in result only.

I disapprove of section II(1) of the majority opinion and consider it dictum. It is well-established in this jurisdiction that appellate courts will not pass on a constitutional question, even when properly presented, if there is some other ground on which the case may be disposed. *E.g., State v. Blackwell,* 246 N.C. 642, 99 S.E. 2d 867 (1957); *State v. Jones,* 242 N.C. 563, 89 S.E. 2d 129 (1955). Here, the majority has disposed of the appeal on the grounds of legislative intent. Any discussion about double jeopardy is wholly unnecessary to the disposition of this case and may come back to haunt this Court in the future.

Otherwise, I do concur in the result reached by the majority.

---

9. There have been conflicting results in the decisions of the Court of Appeals on this question, particularly when the prosecutor has relied in whole or in part on the doctrine of recent possession to prove larceny. Compare in addition to *Perry, State v. Andrews,* 52 N.C. App. 26, 277 S.E. 2d 857, and *State v. Carter,* --- N.C. App. ---, --- S.E. 2d --- (1981). *See also State v. Kelly,* 39 N.C. App. at 248, 249 S.E. 2d at 833. Our holding here is intended to provide a "bright line" rule which will be readily understood and applied by law enforcement personnel, prosecutors, and defense counsel alike and will avoid much of the confusion now extant in this area of the law.

Our holding here does not impair the exclusive or nonexclusive reliance upon the doctrine of recent possession to prove larceny.