STATE OF NORTH CAROLINA v. MERRILL LANE ANDREWS

No. 69A81

(Filed 2 June 1982)

1. **Searches and Seizures § 8— search of gym bag in car—incident of lawful arrest**

     Officers had probable cause to believe that defendant and his companion had committed a burglary, and the officers' search of defendant's car and a gym bag found inside the car fell within the constitutional boundaries established by *New York v. Belton*, 453 U.S. 454 (1981), permitting the warrantless search of the passenger compartment of a vehicle, including any containers therein, as a contemporaneous incident of the lawful arrest of an occupant of that vehicle.

2. **Burglary and Unlawful Breakings §§ 5, 10.3; Receiving Stolen Goods § 5.1— second degree burglary—larceny—possession of burglary tools—possession of stolen property—sufficiency of evidence**

     The State's evidence tending to show that defendant and a companion were caught with instrumentalities and fruits of a burglary committed at a nearby residence was sufficient to support conviction of defendant for second degree burglary, felonious larceny, possession of a burglary tool and possession of stolen property.

3. **Criminal Law § 26.5; Larceny § 1; Receiving Stolen Goods § 1— punishment for larceny and possession of stolen property—double jeopardy—legislative intent**

     While double jeopardy considerations do not prohibit the punishment of a defendant for both larceny and possession of the same stolen property, the Legislature did not intend to punish a defendant for possessing the same goods that he stole.

4. **Criminal Law § 22— failure of defendant to sign waiver of arraignment**

     Defendant failed to establish that his right to a fair trial was impaired or prejudiced because he did not personally sign the written waiver of formal arraignment in accordance with G.S. 15A-945 where the record showed that defendant's counsel signed the written waiver of arraignment and entered pleas of not guilty on his behalf, and defendant did not suggest that the waiver and pleas were entered without his full knowledge or concurrence.

     Justice MITCHELL did not participate in the consideration or decision of this case.

APPEAL by defendant, pursuant to G.S. 7A-30(2), of the decision of the Court of Appeals (*Judge Harry C. Martin*, with *Judge Arnold* concurring, and *Judge Clark* dissenting) reported at 52 N.C. App. 26, 277 S.E. 2d 857 (1981). The Court of Appeals found

no error in the judgments of conviction entered by *Brannon, Judge*, at the 16 June 1980 Criminal Session of Superior Court, WAKE County.

Defendant was charged in indictments, proper in form, with second degree burglary, felonious larceny, possession of a burglary tool and possession of stolen property. Defendant pleaded not guilty. The State's evidence at trial was adequately summarized in the Court of Appeals' opinion which we quote:

[T]he Raleigh Police Department, Wake County Sheriff's Department, and the SBI were jointly involved in a special investigation of residential burglaries. They had received reliable information from an informant about breakins in Wake, Johnston, Wilson, and New Hanover counties. The investigation focused upon defendant and his associates, one being defendant's sister who was hospitalized. Several burglaries had happened in the Hayes-Barton and Five Points area of Raleigh, involving homes of people who were also in the hospital on the same floor as defendant's sister. The officers had a list of the people on that floor of the hospital and noted those who had homes located in the suspect area. Their investigation showed that the thefts occurred around dusk, that the burglars left their car parked and walked to the house using a pillowcase or small bag to carry the stolen articles, usually coins and silver, back to the car.

On 19 March 1980, an officer received a call from the informant telling him that defendant and Larry Rudd were leaving in defendant's car to commit a burglary. Several officers went to the Five Points area where defendant, with another man, was seen driving his car. For a time, the officers lost sight of defendant's car, but soon located it parked on the street unattended. The officers waited nearby and saw the taillights of the car come on. Rudd approached, carrying a gym bag, and entered the car. The officers followed the car as it drove away and stopped it at a red light. When the officers approached the car with drawn weapons, defendant put his hands on top of his head and his car rolled forward toward a police car. An officer reached into the car, turned off the ignition, and put the car in parking gear. In so doing, he saw the gym bag on the floor, with a shiny object on top.

Another officer, in removing Rudd from the car, saw the same bag with silver protruding from the top. Defendant and Rudd were arrested and the bag was seized. Upon checking the neighborhood, the officers located a house which had been entered by breaking through a basement door. The silver in the bag was identified by a resident of the house and was offered into evidence.

52 N.C. App. at 27-28, 277 S.E. 2d at 859-60.

Defendant offered no evidence in his behalf. The jury found defendant guilty as charged on all counts. The trial court thereupon imposed the following terms of imprisonment: thirty years for the burglary, six years for the larceny, and two years each for possession of the burglary tool and stolen property. All of these sentences ran consecutively. In a 2-1 decision, the Court of Appeals affirmed the entry of judgment upon all of defendant's convictions.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Thomas F. Moffitt, for the State.*

*Loflin & Loflin, by Thomas F. Loflin III, for the defendant-appellant.*

COPELAND, Justice.

Defendant contends that the Court of Appeals erred in failing to reverse his convictions or order a new trial. Our recent decision in *State v. Perry*, 305 N.C. 225, 287 S.E. 2d 810 (1982), requires us to vacate defendant's conviction for felonious possession of stolen property. In all other respects, however, we affirm the Court of Appeals.

I.

[1] Defendant argues that all of the evidence seized from his car should have been suppressed at trial because neither his arrest nor the subsequent vehicular search was accompanied by probable cause to believe that he had committed a crime. The Court of Appeals held, *inter alia*: (1) that, considering the circumstances existing at the time, a reasonably prudent person had ample cause to believe that defendant and his companion had committed a burglary and (2) that a reasonable search of the car incident to

defendant's lawful arrest was also lawful. We agree with both of these holdings and cite as additional authority in support thereof the decision of the United States Supreme Court in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed. 2d 768 (1981).

According to the authority of *Belton, supra*, a police officer may constitutionally search the passenger compartment of a vehicle, *including* any containers located therein, as a contemporaneous incident of the lawful arrest of an occupant of that vehicle. We are, of course, aware that the *Belton* decision was filed on 1 July 1981, approximately six weeks after the Court of Appeals filed its opinion in the instant case, and over a year after defendant's actual trial. However, we have previously held that retroactive application of the *Belton* rule is warranted in cases raising similar issues about the legality of a warrantless search. *State v. Cooper*, 304 N.C. 701, 286 S.E. 2d 102 (1982). Thus, we hold that the police officers' search of defendant's car and the gym bag found inside the car fell squarely within the constitutional boundaries established by *Belton*, and defendant's motion to suppress the incriminating evidence thereby discovered was properly denied.

## II.

[2] Defendant argues that the State's evidence was insufficient to convict him of any of the crimes submitted to the jury. This contention lacks merit, and we shall not restate the evidence at length here. Simply put, the State's evidence showed that defendant and his companion were caught red-handed with the instrumentalities and fruits of a burglary committed at a nearby residence. Consequently, we agree with the Court of Appeals that the State adduced substantial evidence of defendant's guilt upon the essential elements of the charged crimes. *See* G.S. 14-51, 14-55, 14-71.1 and 14-72.

## III.

[3] Defendant asserts that he "was placed in double jeopardy by being convicted and sentenced on duplicative charges — the charge of felonious larceny and the charge of felonious possession of the identical property which was the alleged subject matter of that larceny."[1] Defendant's Brief at 20-21. The Court of Appeals'

---

1. Defendant moved for a dismissal of either the larceny or the possession charge at trial upon this basis. The motion was denied.

majority rejected this claim and held that defendant could be constitutionally tried and punished for both larceny and possession because the offenses were separate and distinct, with each crime including an element not present in the other. Judge Clark dissented and stated his belief that the issue of former jeopardy was governed by the opinion of another panel of the Court of Appeals filed on the very same day which had reached a contrary conclusion. *See State v. Perry*, 52 N.C. App. 48, 278 S.E. 2d 273 (1981), *modified and affirmed*, 305 N.C. 225, 287 S.E. 2d 810 (1982). Our recent decision in *State v. Perry, supra,* is dispositive of these matters.

In *Perry*, this Court held "[n]othing in the United States Constitution or in the Constitution of North Carolina prohibits the Legislature from punishing a defendant for both offenses" of larceny and possession since each crime required proof of an additional fact which the other did not. 305 N.C. at 234, 287 S.E. 2d at 815-16. Notwithstanding that, however, our Court further held that, considering the legislative history, case law background and internal provisions of the possession statutes, the state legislature "did not *intend* to punish an individual for larceny of property and the possession of the same property which he stole." *Id.* at 235, 287 S.E. 2d at 816 (emphasis added). Our final conclusion in *Perry* was that "though a defendant may be indicted and tried on charges of larceny, receiving, and possession of the same property, he may be convicted of only one of those offenses." *Id.* at 236, 237, 287 S.E. 2d at 817 (footnote omitted).

The situation presently before us is indistinguishable from that in *Perry*. We must therefore reverse the Court of Appeals and vacate defendant's additional conviction for possession of stolen property.

IV.

Defendant assigns error to several portions of the trial court's final instructions to the jury. We hold that these contentions were fully and correctly addressed in the Court of Appeals' opinion, and, for the reasons there stated, the assignments are overruled.

V.

[4] Defendant finally argues that judgment should be arrested on all of his convictions because *he* did not sign the written

waiver of formal arraignment upon the charges in accordance with G.S. 15A-945. Defendant's position is untenable. Defendant failed to take an exception or bring forward an assignment of error on this basis in the record on appeal, and he did not brief or argue the point in the Court of Appeals.[2] Obviously, the matter is not properly raised for the first time in this Court. *See* N.C. Rules of Appellate Procedure, Rule 10(a). In any event, defendant has no justifiable cause for complaint. The record reveals that his counsel signed the written waiver of arraignment and entered pleas of not guilty on his behalf. Defendant does not even suggest, much less affirmatively show, that the waiver and pleas were entered without his full knowledge or concurrence. Consequently, defendant has not fulfilled his burden of establishing that his right to a fair trial was impaired or prejudiced due to the mere fact that he did not also personally sign the written waiver of arraignment. *See State v. Small,* 301 N.C. 407, 430-31, 272 S.E. 2d 128, 142-43 (1980); *State v. Smith,* 300 N.C. 71, 73, 265 S.E. 2d 164, 166-67 (1980); *State v. McCotter,* 288 N.C. 227, 234, 217 S.E. 2d 525, 530 (1975). This "assignment" is overruled.

## VI.

In summary, we affirm the Court of Appeals' decision to the extent that it found no error in the entry of the judgments of conviction against defendant upon charges of burglary, larceny of property and possession of a burglary tool. However, we must reverse the Court of Appeals to the extent that it did not vacate defendant's conviction of possession of stolen property. The Court of Appeals is hereby directed to remand the cause to the trial court for a dismissal of that charge.

Affirmed in part; reversed in part.

Justice MITCHELL did not participate in the consideration or decision of this case.

---

2. Defendant's counsel in this appeal did not represent him at trial or at the Court of Appeals.