STATE OF NORTH CAROLINA v. ANSON A. MAYNARD

No. 8312SC412

(Filed 20 December 1983)

1. **Criminal Law § 10.2— accessory before the fact—sufficiency of evidence that not constructively present at crime scene**

   In a prosecution for accessory before the fact of felonious larceny, the trial court properly found that defendant was not constructively present at the larceny where defendant was miles away from the scene of the crime and in no position to assist the actual perpetrators.

2. **Receiving Stolen Goods § 6— felonious possession of stolen goods—properly submitted as possible verdict**

   The trial court did not err when it submitted a possible verdict for felonious possession of stolen goods in addition to a possible verdict of accessory before the fact of felonious larceny since the evidence presented to the jury supported each element of the felonious possession offense. G.S. 14-71.1.

3. **Criminal Law § 10; Receiving Stolen Goods § 7— sentence for accessory before the fact of larceny and possession of stolen goods improper**

   A defendant may not be punished for both accessory before the fact of larceny and possession of the stolen goods. G.S. 14-5.2.

APPEAL by defendant from *Hobgood, Judge.* Judgment entered 18 May 1982 in HOKE County Superior Court. Heard in the Court of Appeals 30 November 1983.

Defendant was convicted of being an accessory before the fact of felonious larceny, in violation of former G.S. 14-5, and of felonious possession of stolen goods, in violation of G.S. 14-71.1. The State's evidence tended to show that defendant encouraged Steven Henry and Jerry Wayne Scott to steal a motorboat on 5 February 1981. Defendant pointed out to Henry and Scott where the boat was kept and then he returned to the trailer where Scott and Henry lived. Defendant remained at the trailer while Scott and Henry borrowed his truck in order to steal the boat. About an hour and a half later, Scott and Henry came back with the stolen boat. Defendant put some equipment from the boat in his house and then, along with Scott and Henry, delivered the boat to a man who agreed to pay defendant $1,500.00 for it.

Defendant did not present any evidence.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Francis W. Crawley, for the State.*

*Michael Smith for the defendant appellant.*

VAUGHN, Chief Judge.

Defendant has expressly abandoned all the exceptions and assignments of error set forth in the record. Under Appellate Rule 10(a), none of the questions he presents on appeal are properly before this Court. We address the merits of defendant's appeal in the exercise of our discretion.

[1] Defendant first contends the trial court erred in submitting to the jury the possible verdict of guilty of accessory before the fact to felonious larceny. Defendant argues that he was constructively present at the larceny since he provided the truck for Scott and Henry to use in stealing the boat, and since he helped transport the boat to a buyer after the theft. If defendant was constructively present when the crime was committed, he could have been convicted as a principal but not as an accessory before the fact. *State v. Small*, 301 N.C. 407, 412-13, 272 S.E. 2d 128, 132 (1980). Constructive presence occurs when the defendant accompanies the actual perpetrator to the vicinity of the crime and stays there with the purpose of aiding the actual perpetrator, if needed, in committing the offense or escaping thereafter. *State v. Wiggins*, 16 N.C. App. 527, 530-31, 192 S.E. 2d 680, 683 (1972). (Citations omitted.)

In the present case, defendant was miles away from the scene of the crime and in no position to assist Henry and Scott during the theft. Consequently he was not constructively present, and therefore not a principal, when the crime was committed. The trial court properly submitted the accessory before the fact verdict to the jury.

[2] Defendant next contends the trial court erred in submitting felonious possession of stolen goods as a possible verdict. Defendant cites *State v. Perry*, 305 N.C. 225, 235-36, 287 S.E. 2d 810, 816 (1982), to the effect that G.S. 14-71.1, the statute concerned with possession of stolen goods, was designed to extend society's protection against theft by allowing prosecution where the State could not prove who committed the larceny and could not prove

the elements of receiving stolen goods. He argues that since the evidence established who committed the larceny, he could not be charged with possession. *Perry* does not so hold, and the argument is without merit. The trial court did not err when it submitted a possible verdict for felonious possession since evidence was presented to the jury supporting each element of that crime. Although *State v. Perry, supra,* states that possession is a charge for the State to fall back on when lacking evidence of other offenses, it also holds that a defendant may be indicted and tried for larceny, receiving, and possession of the same property as long as he is punished for only one of those offenses. *Id.* at 236-37.

[3] Defendant further contends that he should not have been sentenced for both accessory before the fact of larceny and possession of stolen goods. We agree. *State v. Perry, supra,* at 235-237, concluded that the legislature did not intend that a defendant be punished for both larceny and possession of the same property. The same logic compels us to hold that a defendant may not be punished for both accessory before the fact of larceny and possession. If defendant had accompanied the others when they went to steal the boat, he would have been guilty of larceny as a principal and, under *Perry,* could not have been punished for both larceny and possession. It would be strange to say that although he took possession of the boat shortly after it was stolen, he could be punished twice merely because he did not accompany the thieves.

We note that G.S. 14-5.2 (effective 1 July 1981) now provides that anyone guilty and punishable as an accessory before the fact under former G.S. 14-5, 14-5.1 and 14-6 is now guilty and punishable as a principal to the crime. Since an accessory before the fact to larceny is now punished as a principal to larceny, and one who is punished as a principal to larceny may not also be punished for possession of the same property, the question we have just addressed is not likely to recur.

The judgments are vacated and the case is remanded for entry of judgment on one of the verdicts and dismissal of the other conviction.

Vacated and remanded.

Judges HILL and BECTON concur.