STATE OF NORTH CAROLINA v. WALTER H. ROWELL

No. 8416SC912

(Filed 7 May 1985)

**Larceny § 7.4— larceny of a dog—evidence sufficient**
    The evidence was sufficient to justify a conviction for larceny of a dog where it showed that the dog was taken from its lot without the owner's consent, defendant had the dog almost immediately thereafter, falsely claimed that the owner had given it to him, and then sold it to another. G.S. 14-84.

APPEAL by defendant from *Barnette, Judge*. Judgment entered 8 June 1984 in Superior Court, ROBESON County. Heard in the Court of Appeals 14 March 1985.

Defendant was charged with and convicted of larceny of a dog pursuant to G.S. 14-84. The State's evidence tended to show that: On 11 November 1983 Donald L. Phillips noticed that one of his seven beagles was missing from the pen behind his house and a hole had been dug under the pen big enough for the dog to get through. When last seen the dog was wearing a collar that had Phillips' name, address, and telephone number on it. The dog had unusually long legs for a beagle and was primarily black in color, with some white and brown colored patches. The dog was worth $200 and the owner had not given anyone permission to take it off his premises. A brother-in-law of defendant, Eugene Hutchinson, who lives in Nichols, South Carolina, found a beagle matching the description of the missing dog tied up in his front yard around 11 November 1983. A day or two later defendant came by his house

---
State v. Rowell
---

and told him that: "I have a beagle dog here for you . . . The man give him to me . . . All he wants is his collar back." The collar on the dog had Phillips' name and address on it. After the dog had been at Hutchinson's place for about two weeks defendant sold it to James Chestnutt of Marion, South Carolina.

Defendant testified that: Though he lived near Phillips he had never seen any of Phillips' dogs, and was working in Black Creek, Virginia on 11 November 1983, where he continued to work until about two weeks before Thanksgiving. His absence was corroborated by the testimony of his wife.

*Attorney General Edmisten, by Assistant Attorney General Robert G. Webb, for the State.*

*Robert D. Jacobson for defendant appellant.*

PHILLIPS, Judge.

Defendant's appeal is based on the solitary contention that the evidence was insufficient to justify his conviction, in that it showed no "taking" of the dog by him as the law requires. This contention is without merit and we overrule it. The State was obliged to prove that defendant took and carried away the dog without the owner's consent, and with the intent to deprive the owner of his property permanently. *State v. Perry*, 305 N.C. 225, 287 S.E. 2d 810 (1982). These elements were clearly and substantially covered by evidence which tended to show that the dog was taken from its lot without the owner's consent, defendant had the dog almost immediately thereafter, falsely claiming that the owner had given it to him, and then sold the dog to another.

No error.

Judges ARNOLD and COZORT concur.