STATE v. LITTLE

[121 N.C. App. 619 (1996)]

---

STATE OF NORTH CAROLINA v. CURTIS LEE LITTLE

No. COA95-963

(Filed 20 February 1996)

**Larceny § 209 (NCI4th)— felonious larceny and possession of same stolen goods—two convictions improper—habitual felon conviction set aside**

Defendant could not be convicted of both felonious larceny and felonious possession of the same stolen goods, and his habitual felon conviction based on those convictions must be set aside.

**Am Jur 2d, Criminal Law §§ 551-556.**

Appeal by defendant from judgments entered 5 December 1994 by Judge F. Fetzer Mills in Moore County Superior Court. Heard in the Court of Appeals 12 February 1996.

*Attorney General Michael F. Easley, by Associate Attorney General Teresa L. Harris, for the State.*

*David G. Crockett for defendant appellant.*

SMITH, Judge.

Defendant appeals from judgments imposing active sentences following his convictions by a jury of three counts of felonious possession of stolen goods, of one count of felonious larceny, of one count of felonious breaking and entering, and for having attained habitual felon status. In accordance with *Anders v. California*, 386 U.S. 738,

18 L.Ed.2d 493, *reh'g denied*, 388 U.S. 924, 18 L.Ed.2d 1377 (1967) and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), defendant's appointed counsel has filed a brief in which he indicates that he "is unable to identify an issue with sufficient merit to support meaningful argument for relief." He requests this Court to review the record for possible error. Counsel has provided defendant with copies of the transcript, the record on appeal, and the brief filed on defendant's behalf, and has advised defendant that he can file his own written arguments with this Court. Defendant has not filed his own arguments.

In reviewing the record, we observe that the indictment in No. 93 CRS 8867 charged defendant with the larceny and possession of the property belonging to Ms. Shonda Craven, that the jury found defendant guilty of both felonious larceny and felonious possession of the same property under this indictment, and that the court entered judgment punishing defendant for both offenses. We further note that the indictment in No. 94 CRS 4122 charged defendant with having attained the status of habitual felon for having committed the offense of felonious possession of stolen property in case No. 93 CRS 8867, that the jury found defendant guilty of this charge, and that the court entered judgment sentencing defendant as an habitual felon under No. 94 CRS 4122 for committing the offense of felonious possession of property stolen from Ms. Craven. The court consolidated these convictions for judgment with convictions of felonious larceny in case No. 93 CRS 867 and of being an habitual felon in case No. 94 CRS 4120.

Although a defendant may be indicted and tried on charges of larceny, receiving, and possession of the same property, he can be convicted of and sentenced for only one of the offenses. *State v. Perry*, 305 N.C. 225, 287 S.E.2d 810 (1982). Defendant thus could not be convicted of both felonious larceny and felonious possession in case No. 93 CRS 8867. Consequently, the judgment entered upon the conviction of felonious possession of stolen property in case No. 93 CRS 8867 must be vacated. *Id.* Moreover, because its predicate felony conviction no longer stands, the jury verdict finding defendant guilty as an habitual offender in case No. 94 CRS 4122 must also be set aside and the judgment entered thereon vacated. The matter thus must be remanded for the resentencing and entry of a corrected judgment on the remaining convictions of larceny in case No. 93 CRS 8867 and of being an habitual felon in case No. 94 CRS 4120. *State v. Wortham*, 318 N.C. 669, 351 S.E.2d 294 (1987).

Other than the foregoing, we find the record to be free of prejudicial error.

No error in part, vacated in part, and remanded.

Judges EAGLES and WYNN concur.