THORNBURG, Judge.
 

 Defendant was indicted for felonious breaking or entering,
 
 N.C. Gen. Stat. § 14-54
 
 (a) (2003), felonious larceny pursuant to a breaking or entering,
 
 N.C. Gen. Stat. § 14-72
 
 (b)(2) (2003), and habitual felon status. A jury found defendant not guilty of breaking or entering but guilty of felonious larceny. Defendant moved to set aside the jury's guilty verdict on the ground that it was inconsistent with his acquittal on the breaking or entering charge. The trial court denied the motion. Defendant then entered a plea of guilty to habitual felon status and was sentenced to 121-155 months in the custody of the North Carolina Department of Corrections. After giving notice of appeal, defendant filed amotion for appropriate relief in the trial court, again asserting that his conviction for felonious larceny under
 
 N.C. Gen. Stat. § 14-72
 
 (b)(2) was invalid in light of the jury's finding that he was not guilty of breaking or entering. The trial court denied the motion.
 

 On appeal, defendant reiterates the claim raised in his motions in the trial court. Having been found not guilty of breaking or entering - the very factor which elevates larceny to felony status under
 
 N.C. Gen. Stat. § 14-72
 
 (b)(2) - defendant insists the felony larceny conviction must be vacated and the cause remanded for pronouncement of judgment based upon a verdict of guilty of misdemeanor larceny verdict.
 
 See State v. Perry,
 

 305 N.C. 225
 
 , 229-30,
 
 287 S.E.2d 810
 
 , 813 (1982);
 
 see also
 

 N.C. Gen. Stat. § 14-72
 
 (a)(2003). The State concedes that defendant's position is supported by our Supreme Court's holding in
 
 Perry,
 
 and avers that this Court is bound thereby.
 
 See Perry
 
 at 229-30,
 
 287 S.E.2d at 813
 
 . We agree.
 

 Under
 
 N.C. Gen. Stat. § 14-72
 
 (a), "Larceny of goods of the value of more than one thousand dollars ($1,000) is a Class H felony."
 
 N.C. Gen. Stat. § 14-72
 
 (a)(2003). Larceny of goods with a value no greater than $1,000 is a Class 1 misdemeanor, absent one of the additional circumstances set forth in
 
 N.C. Gen. Stat. § 14-72
 
 (b). Subsection 14-72(b)(2) elevates larceny to a felony if it is committed pursuant to a breaking or entering.
 
 See
 

 N.C. Gen. Stat. § 14-54
 
 (2003). The indictment in 03 CRS 36229 charged defendant with larceny of property valued at $160.00 pursuant to a breaking or entering. The jury made no finding as to the value of the stolen property. It acquitted defendant of the breaking or entering but found him guilty of felonious larceny. "[I]t is improper, absent the jury's finding that the property stolen exceeded the diacritical amount set forth in the statute, for the trial judge to accept a verdict of guilty of felonious larceny where the jury has failed to find the defendant guilty of the felonious breaking or entering pursuant to which the larceny occurred."
 
 Perry
 
 at 229,
 
 287 S.E.2d at 813
 
 . The predicate felony having thus been reversed, we must also vacate the habitual felon status.
 
 See State v. Allen,
 

 292 N.C. 431
 
 ,
 
 233 S.E.2d 585
 
 (1977)(explaining that habitual felon is a status which, standing alone, will not support a sentence). Accordingly, "the case must be remanded to the superior court for vacation of the felonious larceny conviction and for the pronouncement of judgment as upon a verdict of guilty of misdemeanor larceny."
 
 Perry
 
 at 230,
 
 287 S.E.2d at 813
 
 .
 

 Vacated and remanded.
 

 Judges HUDSON and STEELMAN concur.
 

 Report per Rule 30(e).