STATE OF NORTH CAROLINA
v.
ALLISON RAY GIONET
No. COA08-723
Court of Appeals of North Carolina
Filed December 2, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Seth P. Rosebrock, for the State.
Lisa Skinner Lefler, for Defendant.
ARROWOOD, Judge.
Defendant appeals from a jury verdict finding her guilty of obtaining property by false pretenses and misdemeanor larceny. The court consolidated the offenses and imposed a suspended sentence of six to eight months.
The State presented evidence tending to show that Bryan Raynor (Raynor) and his wife (Mrs. Raynor) purchased real property located at 521 Prospect Church Road in Harnett County (the property) from Dennis Turlington prior to Turlington's death on 1 September 2007. The sale included the land and "everything that was there on the property," including a house, two apartments, various metal items, trailers, camper, and boats. On 20 September 2007, Raynor visited the property and encountered Defendant on the property. Raynor informed Defendant that she was trespassing and asked her to leave the property.
Approximately four days later, Raynor returned to the property and observed that two large stainless steel tanks, some sinks, and some other stainless steel components were missing. The next day he called Dunn Scrap Iron (also referred to as Dunn Scrap Metal or Dunn Scrap Iron Metal), and as a result of that call, he visited the premises of Dunn Scrap Iron and identified two large stainless steel tanks as the tanks missing from his property.
Mrs. Raynor came to the property in September 2007 and parked her vehicle behind a pickup truck that did not have a tailgate. She observed that the back of the truck contained scrap metal pieces. About a minute or two later Defendant appeared and sat on the back of the truck. She had not given Defendant permission to come onto the property.
Norma Iris Gelabert of the Harnett County Sheriff's Department responded to a call on 28 September 2007 regarding a possible trespasser at 521 Prospect Church Road. She arrived and found Mrs. Raynor in a minivan parked behind an old, beat-up truck. She also saw Defendant and arrested her for trespassing. With Defendant's permission, she searched the truck and found several metal objects in the back of the truck. Raynor arrived and identified the metal objects as his property.
Officer Brian Michael Byrd of the Harnett County Sheriff's Department testified that Raynor contacted him on 26 September 2007 and reported the theft of scrap aluminum valued at $2,700 from his property at 521 Prospect Church Road. On 28 September 2007, he took a statement from Defendant in which she admitted she had gone to the property and taken two large stainless steel tanks that did not belong to her. She told him that she took the tanks to Dunn Scrap Iron Metal and sold them for the sum of $210. She also indicated that she returned to the property on 28 September 2007 for the purpose of retrieving some bar stools she asserted she owned. She took some additional stainless steel items and put them in the truck with the intent to sell them.
April Lee, office manager of Dunn Scrap Metal, testified that Defendant was a regular customer of Dunn Scrap Metal and that according to receipts dated 25 and 26 September 2007, Defendant sold a number of items to the business. She personally handled two of the transactions and her daughters handled the others while she was present in the office. She further testified that Raynor called her and asked whether her business had received some stainless steel tanks. On 25 September 2007, Raynor came to Dunn Scrap Metal and identified items as belonging to him.
Defendant did not present any evidence.
Defendant first contends the court erred by denying her motion to continue made at the call of the case for trial. Defendant argues the denial of the motion denied her the right to effective assistance of counsel.
The record shows that the matter was originally scheduled for trial on 4 February 2008 and that it was ultimately tried on 13 March 2008. Counsel appeared in court at 11:03 a.m. on 13 March 2008 and requested a continuance of the trial on the ground she was ill and "not in good physical condition at this time to try this case." Counsel stated that she had been diagnosed with strep throat. The court read a physician's note presented by the attorney. The court commented that the note indicated counsel could return to her normal work schedule as of the date of trial. The court denied the motion, granted a brief recess, and directed counsel to be prepared to start with jury selection at 11:15 a.m.
"A motion for a continuance is ordinarily addressed to the sound discretion of the trial [judge],. . . [whose] ruling is not reversible on appeal absent an abuse of discretion." State v. Smith, 310 N.C. 108, 111, 310 S.E.2d 320, 323 (1984). However, if the motion for a continuance is grounded "on a constitutional right, then the motion presents a question of law which is fully reviewable on appeal." Id. at 112, 310 S.E.2d at 323. Whether the motion is grounded on a constitutional basis or not, a new trial will not be awarded unless the defendant shows "that the denial was erroneous and also that his case was prejudiced as a result of the error."State v. Branch, 306 N.C. 101, 104, 291 S.E.2d 653, 656 (1982).
To establish a violation of the constitutional right to effective assistance of counsel, "a defendant must show that he did not have ample time to confer with counsel and to investigate, prepare and present his defense." State v. Tunstall, 334 N.C. 320, 329, 432 S.E.2d 331, 337 (1993). The defendant must show "how his case would have been better prepared had the continuance been granted or that he was materially prejudiced by the denial of his motion." State v. Covington, 317 N.C. 127, 130, 343 S.E.2d 524, 526 (1986).
Here, counsel never claimed that she lacked sufficient time to prepare a defense. She never stated that she was not prepared to try the case, only that she was "not in good physical condition." Our review of the record shows that although counsel may not have been in the best of health, counsel performed competently as she successfully objected to proffers of evidence, successfully argued a motion to dismiss a count of possession of stolen property, and successfully argued for submission of an instruction as to the lesser offense of misdemeanor larceny. Given the absence of any evidence to suggest that Defendant's defense was prejudiced by the denial of the motion to continue, we overrule this contention.
Defendant next contends the court erred by denying her motion to dismiss the charges of obtaining property by false pretenses and of misdemeanor larceny. She argues the State failed to prove each and every element of the two crimes.
A motion to dismiss requires a court to determine "whether there is substantial evidence [to establish] each . . . element of the offense charged" and to identify the defendant as the perpetrator. State v. Earnhardt, 307 N.C. 62, 65, 296 S.E.2d 649, 651 (1982). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980). The court must consider the evidence "in the light most favorable to the State, giving [it] the benefit of every reasonable inference that might be drawn [from the evidence]." State v. Brown, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). Contradictions and discrepancies in the evidence are to be disregarded and left for resolution by a jury. State v. Powell, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980).
An accused is guilty of larceny if the accused takes and carries away property of another "without the other's consent; and with the intent to deprive the owner of the property permanently." State v. Perry, 305 N.C. 225, 233, 287 S.E.2d 810, 815 (1982). A presumption sufficient to defeat a motion to dismiss a charge of larceny may be established by evidence showing "(1) the property described in the indictment was stolen; (2) the stolen goods were found in defendant's custody and subject to his control and disposition to the exclusion of others though not necessarily found in defendant's hands or on his person so long as he had the power and intent to control the goods; and (3) the possession was recently after the larceny, mere possession of stolen property being insufficient to raise a presumption of guilt." State v. Maines, 301 N.C. 669, 674, 273 S.E.2d 289, 293 (1981)(citations omitted). Defendant argues the State failed to present sufficient evidence to establish that the items sold to Dunn Scrap Metal were the same as discovered missing from the property and that the items were owned by the Raynors.
Viewed in the light most favorable to the State, the evidence shows that on or about 24 September 2007, Raynor discovered two large stainless tanks belonging to him were missing from the property. On 25 September 2007 Defendant sold two large stainless steel boxes to Dunn Scrap Iron Metal for the sum of $210. On the same date Raynor identified two stainless steel tanks at Dunn Scrap Iron Metal as the two tanks that were taken from his property. Defendant confessed that she had gone to the property and taken two large stainless steel tanks which did not belong to her. She also confessed that she took the tanks to Dunn Scrap Metal and sold them for the sum of $210. We conclude this evidence sufficed to take the charge to the jury.
An accused is guilty of obtaining property by false pretenses in violation of N.C. Gen. Stat. § 14-100 if the accused makes "(1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which [the accused] obtains or attempts to obtain value from another." State v. Cronin, 299 N.C. 229, 242, 262 S.E.2d 277, 286 (1980). "[T]he false pretense need not come through spoken words, but instead may be by act or conduct." State v. Parker, 354 N.C. 268, 284, 553 S.E.2d 885, 897 (2001). "`If a person by his acts or conduct induces another person to believe that a fact is really in existence when it is not, and thereby obtains money or property, he comes within the scope of the statutes against false pretenses." State v. Matthews, 121 N.C. 604, 605-606, 28 S.E. 469, 469 (1897)(quoting 7. Am. & Eng. Enc., 751).
Based upon the evidence in the case at bar, a jury could reasonably find that Defendant presented stainless steel items for sale to personnel of Dunn Scrap Metal and impliedly represented that she owned the items or had the authority to sell them when in fact she had stolen the items. As a result of this misrepresentation, she received cash in the amount of $210. We hold this evidence sufficed to defeat the motion to dismiss. We hold Defendant received a fair trial, free of prejudicial error.
No error.
Judges TYSON and BRYANT concur.
Report per Rule 30(e).