### STATE V. WALTER R. REESE.

*False Pretence—Description of Property Obtained.*

1. Generally, the same degree of certainty is required in the description of the goods in an indictment for obtaining them by false pretences as in the description of the property alleged to be stolen, in larceny.
2. A general charge that the defendant obtained "goods and money" of the prosecutor, to the value of fifty dollars, is too vague and indefinite; the goods should be described by the names usually appropriated to them, and the money should be described at least by the amount, as so many dollars and cents.

INDICTMENT for False Pretence tried at Spring Term, 1880, of BERTIE Superior Court, before *Gudger, J.*

The defendant was indicted in the inferior court of Bertie county for obtaining goods and money by false pretences. The bill of indictment was as follows, viz: " The jurors for the state upon their oath present that on the first day of January, 1876, in the said county one Walter R. Reese, late of said county of Bertie, designedly and with intent to defraud Henderson Pritchard and John A. Pritchard did, by unlawfully, fraudulently, designedly and falsely pretending and alleging to said Henderson Pritchard and John A. Pritchard of said county that he, the said Walter R. Reese, was the owner of a large and valuable farm with team and stock thereon in the county of Northampton in the state aforesaid which was abundant security for any advances by goods and money that the said Walter R. Reese might get from them, and upon which said representations the said Henderson Pritchard and John A. Pritchard were induced to part with their money and goods, obtain goods and money from them the said Henderson Pritchard and John A. Pritchard to the value of fifty dollars, and which said allegations were then false, and he the said Walter R. Reese well knowing the same to be then false and untrue, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state."

The defendant's counsel moved to quash the bill of indictment: 1. Because the promise or representation was not in writing.

2. Because the property alleged to have been obtained was not sufficiently described.

3. Because the statute of limitations bars the bill as appears on the face of it.

4. Because the bill does not allege that the defendant promised to apply any article of produce or any property whatever or the proceeds to the discharge of any debt.

5. Because the law relied upon for conviction is *ex post facto.*

The motion was sustained and the bill quashed, from which the state appealed to the superior court of that county where at spring term, 1880, the ruling of the inferior court was reversed and the defendant appealed to this court.

*Attorney General,* for the State.
The defendant was not represented in this court.

ASHE, J.  There were five grounds assigned for quashing the indictment, only one of which we think is worthy of the consideration of this court, and that is the second which assigns the want of certainty in the description of the property obtained as a fatal defect in the indictment. We hold this objection is well taken.  The bill is inform-ally and loosely drawn, and we think the allegation that the defendant obtained goods and money from Henderson Pritchard and John A. Pritchard is too vague and uncertain. As a general rule the same degree of certainty in the de-scription of the goods obtained, in indictments for obtaining goods under false pretences, is required as in the description of goods alleged to be stolen, in larceny.  The goods should have been described specifically by the names usually ap-propriated to them, and the money obtained should have been described at least by the amount, as for instance so many dollars and cents.  An indictment before 1877 for stealing "money" without further description could not have been sustained, and the legislature to remedy the diffi-culty of describing and identifying bank bills, treasury notes, &c., which may be stolen, passed the act of 1876–'77, ch. 68, providing that in indictments in such cases it shall be sufficient to describe such money, treasury note or bank bill simply as "money."  There are cases where indictments have been sustained for obtaining by false pretences so many dollars—say eighty dollars of the moneys of A. B.—and if this indictment had been so drawn we would have sustained

it notwithstanding its inartificial form in other respects. But we think the term "money" without anything added to make it more definite is too loose in indictments of this kind. There is error in the ruling of the superior court.

The judgment of that court is reversed. Let this be certified to the superior court of Bertie county, to the end that further proceedings may be had in conformity to this opinion and the law.

Error. Reversed.