STATE v. JOHN J. CRUMPLER and another.

*Highway—Indictment, for obstructing.*

An indictment for obstructing " a certain public road and common highway," without specifying its particular location and terminal points, is defective.

(*State* v. *Watts*, 10 Ired., 369; *State* v. *Norton*, 1 Winst., 206; *State* v. *Blue*, 84 N. C., 807; *State* v. *Commissioners of Fayetteville*, 2 Mur., 371; *State* v. *Krider*, 78 N. C., 481; *State* v. *Patrick*, 79 N. C., 655; *State* v. *Reese*, 83 N. C., 637, cited and approved).

INDICTMENT for obstructing a public highway tried at Spring Term, 1882, of SAMPSON Superior Court, before *Gilmer*, *J.*
Defendants appealed.

*Attorney-General*, for the State.
*Mr. E. T. Boykin*, for defendants.

SMITH, C. J.   The indictment charges the defendants with having obstructed, by the building of a house thereon, in the county of Sampson, "a certain public road and common highway there situate," without further specification of its location or ascertaining its termini, and the cause comes before us in the form of a special verdict upon which the defendants were adjudged to be guilty and sentenced to pay a fine of one dollar, from which both appeal.

The verdict contains, in separate exhibits, the successive parts of the proceeding had before the board of trustees of the township within which the proposed road lies, copied from the records of the board, which were introduced and upon objection received, which are intended to present the question of their legal sufficiency to establish a public road, from which it appears an appeal was taken from the first action of the board, declaring that it was demanded for the public convenience and ordering a jury to lay it out, by the contesting proprietor of the land over which it was to pass, with a letter from the counsel of the opposing parties to the effect that the appeal would not be prosecuted, bearing date on September 6th, 1869.

The verdict further finds that, in consequence of an understanding between the board and those who were asking for the road, that they would keep up and maintain the road, no overseer had been appointed and put in charge; that, as laid off and used, the road does not pass from one to another public road, but terminates in a private cart-way, three miles from the latter road, to reach which the cart-way must be passed over.   The other findings as to the obstruction, it is unnecessary to specify in detail.

While the latter fact as to the ending of the road is expressly found, the record of the action of the jury, also a part of the verdict, shows the contrary, and that the road laid out by them does start from a defined point in "the Clinton and Fayetteville stage-road" and thence proceeding in the direction mentioned, runs "to the road leading from J. D. Parker's, John Fowler's, Micajah Crumpler's, at the corner of Crumpler's fence."

Now, aside from the objection that to some extent the special verdict sets out evidence offered to prove facts, rather than the facts proved, upon which alone can judgment be pronounced, as held in *State* v. *Watts*, 10 Ired, 369, and *State* v. *Norton*, 1 Winst., 206, there is, as we interpret the verdict, a repugnancy between the record and the finding as to the terminal points of the road.    We should therefore be constrained to revise the judgment and order the verdict to be set aside, if our review of the case on appeal were to stop here.    *State* v. *Blue*, 84 N. C., 807.

But there is, in our opinion, a fatal defect in the bill of indictment, in its vague and indefinite description of the road.    It is simply designated as "a public road and common highway" in the county, not distinguished from the many others which traverse different parts of that territory.    The rule in reference to criminal prosecutions, which an accused person is called on to answer, requires that the offence should be described with reasonable precision, that he may know what the charge is and be prepared to meet it, and in order, also, to his protection against a second prosecution for the same unlawful act.    Accordingly, the forms used in indictments for obstructions put upon highways, or against those whose duty it is to maintain them in repair, for neglect to do so, they are described as running between designated points of a greater or less distance, the one from the other, and the accused is thus informed of the specific imputed offence. Arch. Crim. Plead., 413, 415.

In England it is held that in an indictment against a parish for non-repair of a highway, it is sufficient to describe it as being within the parish (*King* v. *Stoughton*, 2 Saunders, 157, note 7) as
82

it would seem sufficient to describe the obstructed street, as being within the limits of the town, whose corporate authorities are charged with keeping the streets in order. *State* v. *Commissioners of Fayetteville,* 2 Murp., 371.

But the counties in this state are divided into townships, and these, again, into sections over each of which an overseer is appointed. Acts 1879, ch. 82. And it is manifest an indictment against such overseer must show the road in decay to be within his section, in order to charge him with criminal negligence, or he might be convicted and punished for the default of another. Nor can we see any good reason why an indictment for obstructing a road should not describe it with equal particularity and precision, and we do not discover in the precedents any distinction less favorable to the latter.

In regard to stolen articles and the sufficiency of the terms by which they are described, the cases are numerous, and we refer to but a few in this state. An indictment charging the larceny of "fish," "meat" and "money," before the act of 1876–'77, ch. 68, have been held insufficient in *State* v. *Krider,* 78 N. C., 481; *State* v. *Patrick,* 79 N. C., 655, and *State* v. *Reese,* 83 N. C., 637.

We are, therefore, of opinion that the description of the highway alleged to be obstructed is too vague, and for this defect the judgment must be arrested, and it is so ordered.

PER CURIAM.                                    Judgment arrested.