STATE v. S. P. COMBS.

*Indictment for Breaking Down a Gate Across a Cartway—Indictment, Sufficiency of—Defence.*

1. Where a bill of indictment, under Section 2057 of *The Code*, for breakdown a gate across a cartway, described the cartway as running through the land of H, beginning near the house of C, in B township and running in an eastern direction through the lands of said H for the distance of about "one-half mile," and alleged that the cartway was "laid off by the authority of a jury regularly constituted by the Board of Supervisors in and for said B township;" *Held* (1), that the legality of the establishment of said cartway was sufficiently averred in the bill; (2) that the bill sufficiently locates the cartway, although it does not state its eastern terminus or whether it runs to a public road.

2. The failure to establish a cartway according to law is a matter of defence to be pleaded in the trial of an indictment for breaking down a gate across it.

INDICTMENT for breaking down a gate across a cartway, tried before *Hoke, J.*, and a jury, at Fall Term, 1896, of SURRY Superior Court.

*Mr. Attorney-General Zeb V. Walser*, for the State.
*Mr. A. E. Holton*, for defendant (appellant).

FURCHES, J.: The defendant was indicted for "willfully, unlawfully and maliciously breaking down and injuring certain gates erected across the cartway running through the lands of S. S. Harris, beginning near the house of S. P. Combs, in Bryan township, and running in an eastern direction through the lands of said Harris, for the distance of about one-half mile, said cartway being laid off by authority of a jury regularly constituted by the Board of Supervisors in and for said Bryan township, contrary to the form of the Statute and against the peace and dignity of the State." Upon a verdict of guilty being entered, the

defendant moved in arrest of judgment.    This motion was overruled.    Judgment and appeal by defendant.

This is the only question presented by the appeal, and it was contended on the argument that the bill of indictment was defective, for the reason that it did not state, with sufficient fullness, the manner in which the order to lay out and locate said cartway was obtained, and at whose instance said order was procured, and for that it failed to state its eastern terminus, and whether it ran to a public road.    But neither of these objections can avail the defendant.    The bill of indictment is in the words of the Statute, Section 2057 of *The Code*.    And if the cartway had not been located according to law (*The Code*, Section 2056, *Collins* v. *Patterson*, 119 N. C., 602) and was not, in fact, a cartway in law, this was a matter of defence that defendant should have availed himself of on the trial below.    The cartway and the gates torn down being definitely located in the bill, the case of *State* v. *Crumpler*, 88 N. C., 647, is not in point.    Therefore, finding the bill sufficient in form, judgment must be affirmed.

Affirmed.