STATE v. D. H. SMITH.

(Filed 9 April, 1941.)

**False Pretenses § 2: Indictment § 9—Indictment for obtaining money by false pretense should allege that defendant obtained money and state the amount.**

This prosecution for false pretense was based upon the contention that defendant executed a note for $200.00 secured by a chattel mortgage on certain mules, which note and chattel mortgage he delivered to the prosecuting witness, falsely representing that there were no prior liens on the mules, and obtained from the prosecuting witness the sum of $150.00 in cash and the promise of the prosecuting witness to pay the sum of $50.00 later.  *Held:* The allegation of the indictment that defendant obtained from the prosecuting witness "goods and things of value, evidenced by a note in the sum of $200.00, which note is credited with $50.00," is insuffi-

STATE v. SMITH.

cient, and defendant's motion to quash should have been allowed, since the prosecution was for fraudulently obtaining money and the indictment not only failed to describe the amount in dollars and cents, but nowhere alleged that money was fraudulently obtained.

APPEAL by defendant from *Grady, Emergency Judge,* at December Term, 1940, of LENOIR.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*Sutton & Greene for defendant, appellant.*

SCHENCK, J. The bill of indictment upon which the defendant was convicted and sentenced charged that he did unlawfully, fraudulently and feloniously obtain from the prosecuting witness, by falsely pretending that two certain mules were free and clear of all encumbrances, "the following goods and things of value, the property of Freeman Grady, to wit: Goods and things of value, evidenced by a note in the sum of $200, which note is credited with $50, with intent then and there to defraud, . . ."

Upon the arraignment and in apt time the defendant moved the court that the indictment be quashed upon the ground that it was defective and insufficient and failed to charge the defendant with the crime of false pretense or any crime at all. The motion was overruled and the defendant preserved exception.

We are constrained to hold that his Honor erred in overruling the motion to quash on account of the want of certainty in the description of the property alleged to have been fraudulently obtained from the prosecuting witness by the defendant. The allegation that the defendant obtained "goods and things of value" is too vague and uncertain. The "goods and things" should have been described specifically by the names and terms usually appropriated to them; and since it was money that was sought to be proven the defendant had fraudulently obtained it should have been described at least by the amount, as, for instance, so many dollars and cents. *S. v. Reese,* 83 N. C., 637; *S. v. Gibson,* 169 N. C., 318, 85 S. E., 7.

The evidence tended to prove that the "goods and things of value" fraudulently obtained by the defendant from the prosecuting witness was one hundred and fifty dollars in money. Money is not sufficiently definitely described by the terms "goods and things of value." Nor is the position of the State strengthened by the words "evidenced by a note in the sum of $200, which note is credited with $50." The evidence tended to show that the prosecuting witness received from the defendant a note

for $200.00 secured by a chattel mortgage on two mules, but "the goods and things of value" which the defendant received from the prosecuting witness was $150.00 in cash, and a promise of $50.00 at a later time. There is a total lack of allegation that any money was fraudulently obtained by the defendant from the prosecuting witness.

There was error in overruling the motion to quash the bill of indictment, and the judgment of the Superior Court must be

Reversed.