DAVIS, Judge.
Shirley Teresa Crowder ("Defendant") appeals from her convictions for obtaining property by false pretenses, possession of a stolen motor vehicle, and attaining the status of an habitual felon. On appeal, she contends that (1) the indictment against her for obtaining property by false pretenses was fatally defective; (2) the trial court erred by not arresting judgment on her conviction for possession of a stolen motor vehicle; and (3) she was improperly sentenced. After careful review, we conclude that Defendant received a fair trial free from error, but we remand for a new sentencing hearing.
Factual and Procedural Background
The State presented evidence at trial tending to establish the following facts: In 2013, David Edgerton purchased a 1987 Volvo automobile for $500. On 18 January 2014, Edgerton parked the Volvo in front of a friend's apartment in the Beechway Apartments complex in Charlotte, North Carolina. Edgerton was subsequently hospitalized for several days beginning on 20 January 2014 during which time he possessed the only keys to the Volvo. On 26 January 2014, while still in the hospital, Edgerton was alerted by a friend that the Volvo was no longer in front of the Beechway Apartments. Edgerton had not given anyone permission to take or use the vehicle. That same day, Edgerton reported to the police that the vehicle had been stolen.
In the course of investigating Edgerton's report, Detective Russell Martin of the Charlotte-Mecklenburg Police Department learned from North Carolina Division of Motor Vehicle records that Defendant had sold Edgerton's Volvo for scrap metal to City Salvage 1 ("City Salvage") in Charlotte on 23 January 2014. Detective Martin later obtained records-including a photocopy of Defendant's identification card, which she had presented when selling the Volvo-from City Salvage confirming that Defendant had indeed sold the vehicle to City Salvage. Records reflected that she had received $295.20 in exchange for the car. The tow truck driver who towed the Volvo to City Salvage testified that Defendant did not have the keys or title to the vehicle but that she told him it was owned by her deceased father.
On 27 May 2014, Defendant was indicted for felony larceny, possession of a stolen motor vehicle, obtaining property by false pretenses, and attaining the status of an habitual felon. A jury trial was held before the Honorable Eric L. Levinson in Mecklenburg County Superior Court beginning on 9 November 2015. The jury found Defendant guilty of possession of a stolen motor vehicle, obtaining property by false pretenses, and misdemeanor larceny. Defendant then pled guilty to habitual felon status.
The trial court held a sentencing hearing on 10 November 2015 at which it consolidated all of the convictions into one judgment. After finding no aggravating factors and finding as a mitigating factor that Defendant had a support system in the community, the trial court sentenced her to a term of 97 to 129 months imprisonment, which was at the top of the mitigated range.
After the sentence was announced, counsel for the State informed the trial court that because Defendant had been convicted of both larceny of the Volvo and possession of a stolen motor vehicle in connection with that same vehicle, the court needed to arrest judgment on one of those two convictions. The trial court requested that the parties conduct research on the issue and present arguments in two days. Defendant then gave notice of appeal in open court.
On 12 November 2015, the trial court announced in open court that it was arresting judgment on Defendant's misdemeanor larceny conviction. The trial court did not conduct a new sentencing hearing.
Analysis
I. Appellate Jurisdiction
As an initial matter, we must address whether we have jurisdiction over the present appeal. Defendant has filed a petition for writ of certiorari requesting that we grant certiorari to consider her appeal should we determine that her oral notice of appeal given on 10 November 2015 was inadequate because it was given before the trial court arrested judgment on the larceny charge on 12 November 2015.
Pursuant to Rule 21 of the North Carolina Rules of Appellate Procedure, this Court may, in its discretion, grant a petition for writ of certiorari and review an order or judgment entered by the trial court "when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C. R. App. P. 21(a)(1). In our discretion, we elect to grant Defendant's petition for writ of certiorari and reach the merits of her appeal.
II. Sufficiency of the Indictment
Defendant first argues that the trial court lacked jurisdiction to enter judgment against her for obtaining property by false pretenses because the indictment did not adequately describe the property taken. On appeal, this Court reviews the sufficiency of an indictment de novo . State v. Marshall , 188 N.C. App. 744, 748, 656 S.E.2d 709, 712, disc. review denied , 362 N.C. 368, 661 S.E.2d 890 (2008).
An indictment must contain
a plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.
State v. Jones , 367 N.C. 299, 306, 758 S.E.2d 345, 350 (2014) (citation, quotation marks, and brackets omitted). An indictment that "fails to state some essential and necessary element of the offense" is fatally defective, State v. Ellis , 368 N.C. 342, 344, 776 S.E.2d 675, 677 (2015), and if an indictment is fatally defective, the trial court lacks subject matter jurisdiction over the case, State v. Justice , 219 N.C. App. 642, 643, 723 S.E.2d 798, 800 (2012).
The offense of obtaining property by false pretenses is defined as
(1) knowingly and designedly by means of any kind of false pretense; (2) obtaining or attempting to obtain from any person any money, goods, property, services, chose in action, or other thing of value; (3) with intent to cheat or defraud any person of such money, goods, property, services, chose in action or other thing of value.
Jones , 367 N.C. at 307, 758 S.E.2d at 351 (citation, quotation marks, brackets, and ellipsis omitted). "Additionally, it is the general rule that the thing obtained by the false pretense must be described with reasonable certainty, and by the name or term usually employed to describe it." Id. (citation, quotation marks, brackets, and ellipsis omitted).
Here, the relevant portion of the indictment stated as follows:
[O]n or about the 23rd day of January, 2014, in Mecklenburg County, [Defendant] did unlawfully, willfully, feloniously, knowingly, and designedly, with the intent to cheat and defraud, obtain United States currency from City Salvage 1, Inc., by means of a false pretense which was calculated to deceive and which did deceive. The false pretense consisted of the following: this United States currency was obtained by means of said defendant representing that she had the lawful right to sell and dispose of a 1987 Volvo automobile, when in fact the defendant had no such lawful right.
Defendant argues that this indictment was fatally defective because it did not specify the amount of United States currency that Defendant had fraudulently obtained. This argument is foreclosed by our recent decision in State v. Ricks , --- N.C. App. ----, 781 S.E.2d 637 (2016). The indictment in that case described the property that the defendant had obtained under false pretenses as "a quantity of U.S. Currency[.]" Id. at ----, 781 S.E.2d at 643. The defendant in Ricks made precisely the same argument that Defendant makes here regarding the indictment's failure to specify the amount of United States currency obtained. Id. at ----, 781 S.E.2d at 643.
We rejected that argument and held that the phrase "a quantity of U.S. currency" was a sufficient description of the property fraudulently obtained for purposes of an indictment for obtaining property by false pretenses. Id. at ----, 781 S.E.2d at 645. We therefore held that the indictment's lack of specificity as to the amount of currency did not render it fatally defective. Id. at ----, 781 S.E.2d at 645.
Defendant does not attempt to distinguish her case from Ricks but rather argues that Ricks was wrongly decided. Defendant cites to a line of cases originating with State v. Reese , 83 N.C. 637 (1880), in which our Supreme Court determined that an indictment for obtaining property by false pretenses that described the property obtained simply as "money" was fatally defective because "the money obtained should have been described at least by the amount, as for instance so many dollars and cents." Id. at 639.
As noted in Ricks , however, the indictment in Reese was issued before the General Assembly passed a statute in 1877 expressly providing that funds may be described simply as "money" in indictments for larceny. See Ricks , --- N.C. App. at ----, 781 S.E.2d at 643. That statute-which was noted but not applied in Reese and remains substantively in effect today-provides as follows:
In every indictment in which it is necessary to make any averment as to the larceny of any money, or United States treasury note, or any note of any bank whatsoever, it is sufficient to describe such money, or treasury note, or bank note, simply as money, without specifying any particular coin, or treasury note, or bank note; and such allegation, so far as regards the description of the property, shall be sustained by proof of any amount of coin, or treasury note, or bank note, although the particular species of coin, of which such amount was composed, or the particular nature of the treasury note, or bank note, shall not be proven.
N.C. Gen. Stat. § 15-149 (2015) (emphasis added).
Although this statute specifically mentions larceny, we noted in Ricks that the level of specificity generally required in an indictment when describing the property obtained by false pretenses is the same as that required in a larceny indictment. Ricks , --- N.C. App. at ----, 781 S.E.2d at 643 ; see also Reese , 83 N.C. at 639 ("As a general rule the same degree of certainty in the description of the goods obtained, in indictments for obtaining goods under false pretences, is required as in the description of goods alleged to be stolen, in larceny."). As explained in Ricks , N.C. Gen. Stat. § 15-149 provides that an indictment for obtaining property by false pretenses may sufficiently describe the property obtained by simply referring to it as "money." Id. at ----, 781 S.E.2d at 645.
Defendant also cites State v. Smith , 219 N.C. 400, 14 S.E.2d 36 (1941), where our Supreme Court found an indictment fatally defective because it did not describe the specific amount of money obtained by false pretenses. The Supreme Court held that "since it was money that was sought to be proven the defendant had fraudulently obtained, it should have been described [in the indictment] at least by the amount, as, for instance, so many dollars and cents." Id. at 401, 14 S.E.2d at 36-37. Ricks distinguished Smith , however, observing that "[t]he Court failed to look to [N.C. Gen. Stat. § 15-149 ] when deciding Smith . The Court quoted Reese , but failed to follow Reese as a whole by not considering the statute governing the description of money in indictments." Ricks , --- N.C. App. at ----, 781 S.E.2d at 644.
Ricks applied a similar rationale to explain Jones , a case in which the Supreme Court considered an indictment for obtaining property by false pretenses that simply described the property obtained as "services." Citing Reese and Smith , the Supreme Court observed that "simply describing the property obtained as 'money' ... is insufficient to allege the crime of obtaining property by false pretenses." Jones , 367 N.C. at 307, 758 S.E.2d at 351 (internal citations and quotation marks omitted). The Court then stated that "[l]ike the term[ ] 'money' ... the term 'services' does not describe with reasonable certainty the property obtained by false pretenses." Id.
However, we explained in Ricks that the Jones decision "rested on the term 'services' and not any description of money, thus the mention of the previous holdings [in Reese and Smith ] was merely dicta and not necessary for the holding in that case. Even so, the statement rested on the faulty precedent of Smith which did not rely on N.C. Gen. Stat. § 15-149." Ricks , --- N.C. App. at ----, 781 S.E.2d at 644.
In resolving the issue before us in Ricks , we concluded that
"a quantity of U.S. Currency" is sufficient to uphold the indictment. The statute which says describing money simply as "money" is sufficient suggests that term is enough to put a defendant on notice of the property obtained in order to prepare for his or her trial. Here, we have an indictment describing the property as "U.S. Currency," a term more specific than money.
Id. at ----, 781 S.E.2d at 645.
Because we are bound by our prior decision in Ricks -which expressly considered the above-referenced Supreme Court decisions in addressing the very same arguments Defendant makes in the present appeal-we are compelled to likewise conclude that the indictment here was not fatally defective. See In re Civil Penalty , 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").
III. Arrested Judgment
Defendant next argues that the trial court erred in arresting judgment on her misdemeanor larceny conviction rather than on her conviction for possession of a stolen motor vehicle. "Whether to arrest judgment is a question of law, and questions of law are reviewed de novo on appeal." State v. Curry , 203 N.C. App. 375, 378, 692 S.E.2d 129, 134 (citation, quotation marks, and brackets omitted), appeal dismissed and disc. review denied , 364 N.C. 437, 702 S.E.2d 496, 497 (2010).
It is undisputed that the trial court was required to arrest judgment on one of these two convictions. As our Supreme Court explained in State v. Perry , 305 N.C. 225, 287 S.E.2d 810 (1982), overruled on other grounds by State v. Mumford , 364 N.C. 394, 699 S.E.2d 911 (2010), although "larceny and possession of the property stolen in the larceny are separate and distinct offenses and therefore double jeopardy considerations do not prohibit punishment of the same person for both offenses," the "Legislature did not intend to punish an individual for larceny of property and the possession of the same property which he stole." Id at 231, 235, 287 S.E.2d at 814, 816. Accordingly, "[al]though a defendant may be indicted and tried on charges of larceny, receiving, and possession of the same property, he may be convicted of only one of those offenses ." Id. at 236-37, 287 S.E.2d at 817 (emphasis added).
Defendant contends that the trial court should have arrested judgment on the possession of a stolen motor vehicle conviction because that possessory offense was "secondary" to the "primary" offense of larceny of the vehicle. However, Defendant has not identified-nor have we found-any legal authority indicating that the trial court is required to arrest judgment on the possessory offense rather than the larceny offense in this context.
It is true that "where judgment must be arrested upon one of two sentences of equal severity because of a double jeopardy violation, the sentence which appears later on the docket, or is second of two counts of a single indictment, or is the second of two indictments, will be stricken." State v. Dow , 70 N.C. App. 82, 87, 318 S.E.2d 883, 887 (1984) (citation omitted and emphasis added). Here, however, the two offenses do not carry sentences of equal severity such that this rule would apply. To the contrary, misdemeanor larceny is a Class 1 misdemeanor, N.C. Gen. Stat. § 14-72(a), whereas possession of a stolen motor vehicle is a Class H felony, N.C. Gen. Stat. § 20-106.
We are not at liberty to presume that the General Assembly intended to require the trial court to arrest judgment on the crime of possession of a stolen motor vehicle on these facts simply because the defendant was simultaneously convicted of the less serious crime of misdemeanor larceny involving the same property. Nor is this an instance where the rule of lenity would apply as Defendant has failed to identify any statutory ambiguity that would affect our analysis. State v. Ellison , 366 N.C. 439, 443, 738 S.E.2d 161, 164 (2013) ("[T]he rule of lenity ... only applies when a statute is ambiguous."). Accordingly, Defendant has failed to meet her burden of showing that the trial court erred by declining to arrest judgment on her conviction for possession of a stolen motor vehicle.
IV. Resentencing
In her final argument on appeal, Defendant contends that the trial court erred by failing to hold a new sentencing hearing after arresting judgment on her larceny conviction. We agree. "When the trial court consolidates multiple convictions into a single judgment but one of the convictions was entered in error, the proper remedy is to remand for resentencing when the appellate courts are unable to determine what weight, if any, the trial court gave each of the separate convictions in calculating the sentences imposed upon the defendant." State v. Hardy , --- N.C. App. ----, ----, 774 S.E.2d 410, 420 (2015) (citation, quotation marks, and ellipsis omitted).
In Hardy , a jury convicted the defendant of both felony larceny and felony possession of stolen goods. Id. at ----, 774 S.E.2d at 420. He then pled guilty to habitual felon status. The trial court consolidated the three offenses for judgment and sentenced the defendant at the midpoint of the mitigated range. Id. at ----, 774 S.E.2d at 420. Later that same day, the trial court arrested judgment on the felony possession of stolen goods conviction but did not conduct a new sentencing hearing or alter the defendant's sentence. Id. at ----, 774 S.E.2d at 414.
On appeal, the defendant argued that the trial court erred by failing to conduct a resentencing hearing after arresting judgment on his conviction for possession of stolen goods. We agreed, explaining as follows:
Despite the trial court's subsequent order arresting the entry of judgment for felony possession, we are unable to determine whether the trial court gave any weight to that conviction when it sentenced defendant in the middle of the mitigated range instead of at a lower point in that range, especially since the trial court found the mitigating factor that defendant accepted responsibility for his criminal conduct and found no factors in aggravation.
Id. at ----, 774 S.E.2d at 420. Accordingly, we remanded for resentencing. Id.
In the present case, the State contends that the following statements made by the trial court during sentencing demonstrate that it did not give any weight to Defendant's larceny conviction when sentencing her:
I don't accept honestly that there's any acknowledgment of responsibility here. This is very simple. You took a car and you crushed it. It wasn't your car. You lied that you were able to crush it, and the vehicle that somebody spends a lot of money to them trying to get or obtain, because it's easy. Because it's, frankly, easy to get away with.
The State also points to a portion of the transcript where the trial court noted that "[e]ven looking at your record this is not a boxcar kind of case. And really, rather, it's all one sort of continuous transaction."
Whatever value-if any-these excerpts from the transcript may serve in explaining the trial court's rationale for consolidating Defendant's convictions for sentencing purposes, it remains unclear whether the trial court actually gave any weight to the larceny conviction when it sentenced Defendant to a term of imprisonment at the top of the mitigated range. As in Hardy , because we are "unable to determine what weight, if any, the trial court gave each of the separate convictions in calculating the sentences imposed upon the defendant[,]" we must remand for a new sentencing hearing. See id. at ----, 774 S.E.2d at 420.
Conclusion
For the reasons stated above, we conclude that Defendant received a fair trial free from error but remand for resentencing.
NO ERROR IN PART; REMANDED FOR RESENTENCING.
Report per Rule 30(e).
Judges CALABRIA and TYSON concur.