IN THE SUPREME COURT OF NORTH CAROLINA

No. 199A17

Filed 6 April 2018

STATE OF NORTH CAROLINA

v.

SEID MICHAEL MOSTAFAVI

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, ___ N.C. App. ___, 802 S.E.2d 508 (2017), affirming in part and vacating in part judgments entered on 9 June 2016 by Judge Anderson D. Cromer in Superior Court, Forsyth County. Heard in the Supreme Court on 9 January 2018.

*Joshua H. Stein, Attorney General, by Brent D. Kiziah, Assistant Attorney General, for the State-appellant.*

*Joseph P. Lattimore for defendant-appellee.*

NEWBY, Justice.

In this case we decide whether an indictment charging defendant with obtaining property by false pretenses is fatally flawed because it described the property obtained as "United States Currency" and whether the State presented sufficient evidence of defendant's false representation of ownership to support his conviction for those charges. An indictment for obtaining property by false pretenses must describe the property obtained in sufficient detail to identify the transaction by which defendant obtained money. The indictment here sufficiently identifies the crime charged because it describes the property obtained as "United States Currency"

and names the items conveyed to obtain the money. As such, the indictment is facially valid; it gives defendant reasonable notice of the charges against him and enables him to prepare his defense. Furthermore, we conclude that the State presented sufficient evidence of defendant's false representation that he owned the stolen property he conveyed. Therefore, we reverse the decision of the Court of Appeals.

The State presented evidence at trial showing that in July 2015, a homeowner hired a family friend to housesit for her while she was on vacation. On 10 July 2015, the house sitter contacted police to report that during the time she was housesitting someone had broken into the home. That same day, the house sitter and police contacted the homeowner to tell her about the alleged break-in. The next day, however, the house sitter confessed that she and defendant had stolen the items from the home.

Earlier in the week, the house sitter stole certain items from the home and conveyed them to a local pawnshop in exchange for cash to pay for drugs. She confided in defendant, and defendant requested to go to the victim's home. Defendant visited the home, then later returned with the house sitter, pulled his car into the garage, closed the door, and loaded various items into his vehicle before leaving the premises. Defendant obtained, *inter alia*, an Acer laptop, a Vizio television, a computer monitor, and jewelry, all belonging to the homeowner. Later, defendant conveyed the stolen items to several local stores, including a pawnshop.

Defendant was charged by indictment with, *inter alia*, two counts of obtaining property by false pretenses. The indictment at issue stated in relevant part:

I.      The jurors for the State upon their oath present that . . . the defendant . . . knowingly and designedly with the intent to cheat and defraud obtain[ed] UNITED STATES CURRENCY from CASH NOW PAWN by means of a false pretense which was calculated to deceive and did deceive. The false pretense consisted of the following: BY PAWNING AN ACER LAPTOP, A VIZIO TELEVISION AND A COMPUTER MONITOR AS HIS OWN PROPERTY TO SELL, when in fact the property had been stolen from [the homeowner] and the defendant was not authorized to sell the property.

II.     [T]he jurors for the State upon their oath present that . . . the defendant . . . knowingly and designedly with the intent to cheat and defraud obtain[ed] UNITED STATES CURRENCY from CASH NOW PAWN by means of a false pretense which was calculated to deceive and did deceive. The false pretense consisted of the following: BY PAWNING JEWELRY AS HIS OWN PROPERTY TO SELL when in fact the property had been stolen from [the homeowner] and the defendant was not authorized to sell the property.

At trial the house sitter testified that at no point had she told defendant that she owned the house or the items, or that she purported to sell them to defendant. Defendant testified, however, that the house sitter claimed she owned the stolen items and that he had purchased the items from the house sitter at an agreed upon price.

The pawnshop employee who completed defendant's transaction testified that, consistent with every loan or sale transaction, he requested defendant's

identification. The State introduced two pawn tickets, initialed by the employee but unsigned by defendant, that described the specific items defendant conveyed and included defendant's name, address, driver's license number, and date of birth. Both tickets contained language indicating that, by conveying the items, "[y]ou are giving a security interest in the below described goods."

Defendant unsuccessfully moved to dismiss all charges but did not challenge the indictment at issue as fatally defective. Ultimately, the trial court found defendant guilty of, *inter alia*, two counts of obtaining property by false pretenses, and defendant appealed.

A divided panel of the Court of Appeals vacated defendant's convictions for two counts of obtaining property by false pretenses. *State v. Mostafavi*, ___ N.C. App. ___, ___, 802 S.E.2d 508, 514 (2017). The Court of Appeals opined that, when an indictment charges a defendant with obtaining money by false pretenses, the indictment is fatally defective unless it also includes, at a minimum, the amount of money obtained. *Id*. at ___, 802 S.E.2d at 511-12. The Court of Appeals further reasoned that even "where the amount of money is *not* known to the pleader, our Supreme Court instructs that describing the money by the name of the victim from whom it was obtained, the date it was obtained, and the false pretense used to obtain the money is still not sufficiently specific." *Id*. at ___, 802 S.E.2d at 512. Thus, though the indictment here included "United States Currency" and the specific property

defendant conveyed to the pawnshop, the Court of Appeals concluded that the description still "f[ell] short of the specificity" required. *Id*. at ___, 802 S.E.2d at 511.

The dissent argued that the indictment was facially valid because it included all essential elements of the crime, gave defendant sufficient notice of the charged crimes, and protected defendant against double jeopardy. *Id*. at ___, 802 S.E.2d at 515-17 (Tyson, J., concurring in part and dissenting in part) (citing *State v. Ricks*, 244 N.C. App. 742, 754, 781 S.E.2d 637, 645 (2016) (upholding as valid a false pretenses indictment charging defendant with obtaining a quantity of United States Currency)). After concluding the indictment was facially valid, the dissent further determined the evidence was sufficient to support the charges for obtaining property by false pretenses. *Id*. at ___, 802 S.E.2d at 517-18. The State filed notice of appeal based on the dissenting opinion.

Here defendant contends, as held by the Court of Appeals, that the indictment is fatally defective because it fails to allege the amount of money obtained by conveying the items, as required by existing precedent. We disagree.

As this Court has consistently recognized, "a valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony." *State v. Sturdivant*, 304 N.C. 293, 308, 283 S.E.2d 719, 729 (1981) (citations omitted). In seeking "to simplify criminal proceedings," *State v. Freeman*, 314 N.C. 432, 436, 333 S.E.2d 743, 746 (1985), the Criminal Procedure Act of 1975 requires that an indictment contain

"[a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant . . . of the conduct which is the subject of the accusation," N.C.G.S. § 15A-924(a)(5) (2017). In moving away from the "technical rules of pleading," this statutory framework recognizes the purpose of indictments as "identify[ing] clearly the crime being charged, thereby putting the accused on reasonable notice to defend against it and prepare for trial, and to protect the accused from being jeopardized by the State more than once for the same crime." *Sturdivant*, 304 N.C. at 311, 283 S.E.2d at 731 (citation omitted). Thus, an indictment must allege "all the essential elements of the offense endeavored to be charged," *State v. Hunt*, 357 N.C. 257, 267, 582 S.E.2d 593, 600 (quoting *State v. Greer*, 238 N.C. 325, 327, 77 S.E.2d 917, 919 (1953)), *cert. denied*, 539 U.S. 985, 124 S. Ct. 44, 156 L. Ed. 2d 702 (2003), but "an indictment couched in the language of the statute is generally sufficient to charge the statutory offense," *State v. Palmer*, 293 N.C. 633, 638, 239 S.E.2d 406, 410 (1977).

A person commits the crime of obtaining property by false pretenses if he or she (1) "knowingly and designedly by means of any kind of false pretense"; (2) "obtain[s] or attempt[s] to obtain from any person . . . any money, goods, property, services, chose in action, or other thing of value"; (3) "with intent to cheat or defraud any person of such money, goods, property, services, chose in action or other thing of

value." N.C.G.S. § 14-100(a) (2017). In an indictment for the larceny of money, including indictments alleging obtaining property by false pretenses, "it is sufficient to describe such money, or treasury note, or bank note, simply as money, without specifying any particular coin, or treasury note, or bank note." *Id.* § 15-149 (2017).

Here the indictment charged defendant with two counts of obtaining property by false pretenses and mirrors the language of the controlling statute, N.C.G.S. § 14-100(a), by stating that defendant, through false pretenses, knowingly and designedly obtained "United States Currency from Cash Now Pawn" by conveying specifically referenced personal property, which he represented as his own. The indictment describes the personal property used to obtain money, referencing an Acer laptop, a Vizio television, a computer monitor, and jewelry, the inclusion of which is sufficient to identify the specific transactions at issue. Moreover, it is clear from the transcript that defendant was not confused at trial regarding the property conveyed. Had defendant "need[ed] more information to mount his preferred defense," he could have requested a bill of particulars under N.C.G.S. § 15A-925. *State v. Spivey*, 368 N.C. 739, 743, 782 S.E.2d 872, 874-75 (2016) (alteration in original) (quoting *State v. Jones*, 367 N.C. 299, 310, 758 S.E.2d 345, 353 (2014) (Martin, J., concurring in part and dissenting in part)). The legislature enacted the aforementioned Criminal Procedure Act of 1975, which, *inter alia*, sought to eliminate the technical pleading requirements previously recognized for criminal pleadings. *Freeman*, 314 N.C. at 436, 333 S.E.2d at 746. Thus, in light of the current pleading requirements set forth in the Criminal

Procedure Act of 1975, the indictment did not need to include the amount of money obtained because it adequately advised defendant of the conduct that is the subject of the accusation.[1]

Nonetheless, defendant argues, and the Court of Appeals agreed, that this Court's precedent in *State v. Jones*, 367 N.C. 299, 758 S.E.2d 345 (2014), requires that any indictment charging defendant with obtaining money by false pretenses include the amount of money obtained. In *Jones* this Court held that a false pretenses indictment merely stating that defendant obtained "services" at certain automobile service centers was fatally defective in that the term "services," without more, failed to "describe with reasonable certainty the property obtained by false pretenses." *Id.* at 307-08, 758 S.E.2d at 351 (stating the distinct but analogous proposition "that simply describing . . . property obtained as 'money' or 'goods and things of value' is insufficient to allege the crime of obtaining property by false pretenses" (first quoting *State v. Reese*, 83 N.C. 637, 640 (1880); and then quoting *State v. Smith*, 219 N.C. 400, 401, 14 S.E.2d 36, 36 (1941))); *see also Smith*, 219 N.C. at 401-02, 14 S.E.2d at 36-37 (concluding that the indictment was fatally defective because it failed to reference any "money" obtained and because the State presented evidence at trial that differed from that alleged in the indictment). *Jones*, therefore, is not only

---

[1] Our view is consistent with N.C.G.S. § 14-100(a), which contemplates an attempt crime. A person may be indicted for obtaining property by false pretenses under an attempt theory even though no money or property is exchanged.

factually distinguishable because it did not involve obtaining "money" through false pretenses, but the cited language in *Jones* is dicta and not binding on our decision here.

Moreover, the State presented substantial evidence at trial that defendant falsely represented he owned the stolen property sufficient to withstand defendant's motion to dismiss the two counts of obtaining property by false pretenses. To survive a motion to dismiss for insufficient evidence, the State must present "substantial evidence [ ] of each essential element of the offense charged, or of a lesser offense included therein, and [ ] of defendant's being the perpetrator of such offense." *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980) (citations omitted). The trial court must consider the evidence "in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom; contradictions and discrepancies are for the jury to resolve and do not warrant dismissal." *Id.* at 99, 261 S.E.2d at 117 (citations omitted). When an indictment alleges a defendant has obtained property by false pretenses, "[t]he [S]tate must prove, as an essential element of the crime, that [the] defendant made [a] misrepresentation as alleged [in the indictment]." *State v. Linker*, 309 N.C. 612, 615, 308 S.E.2d 309, 311 (1983) (citations omitted). "If the [S]tate's evidence fails to establish that defendant made this misrepresentation but tends to show some other misrepresentation was made, then the [S]tate's proof varies fatally from the indictment[ ]." *Id.* at 615, 308 S.E.2d at 311 (footnote and citations omitted). "[T]he

false pretense need not come through spoken words, but instead may be by act or conduct." *State v. Parker*, 354 N.C. 268, 284, 553 S.E.2d 885, 897 (2001) (citations omitted), *cert. denied*, 535 U.S. 1114, 122 S. Ct. 2332, 153 L. Ed. 2d 162 (2002).

Here the State's evidence at trial tended to prove all the elements alleged in the indictment. The pawnshop employee who completed the transaction verified the pawn tickets, which described the conveyed items and contained defendant's name, address, driver's license number, and date of birth. The tickets included language explicitly stating that defendant was "giving a security interest in the . . . described goods." Considered in the light most favorable to the State, here the State presented sufficient evidence of defendant's false representation that he owned the stolen property he conveyed.[2]

We therefore conclude that, by tracking the language of N.C.G.S. § 14-100(a) and clearly identifying "the conduct which is the subject of the accusation," N.C.G.S. § 15A-924(a)(5), the indictment is facially valid and fulfills the purpose of the Criminal Procedure Act of 1975. The indictment gives defendant reasonable notice of the charges against him, including the specific property he allegedly conveyed to obtain the money referenced in the indictment, so that he may prepare

---

[2] Because we conclude that the State presented sufficient evidence of defendant's false representation of ownership, we find it unnecessary to address whether defense counsel provided ineffective assistance of counsel by failing to make such an argument before the trial court. Therefore, remanding this case to the Court of Appeals to address defendant's ineffective assistance of counsel claim is unnecessary.

his defense and protect himself against double jeopardy. Moreover, the State presented sufficient evidence at trial regarding defendant's false representation of ownership to survive defendant's motion to dismiss the two counts of obtaining property by false pretenses. Accordingly, the indictment charging defendant with obtaining property by false pretenses is facially valid, and the trial court properly denied defendant's motion to dismiss. The decision of the Court of Appeals vacating defendant's two convictions for obtaining property by false pretenses is reversed.

 REVERSED.