IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-78

Filed 20 August 2025

Durham County, No. 21 CRS 053705-310

STATE OF NORTH CAROLINA

v.

LEON COUNCIL.

Appeal by Defendant from Judgments entered 14 November 2023 by Judge Josephine K. Davis in Durham County Superior Court. Heard in the Court of Appeals 20 May 2025.

*Attorney General Jeff Jackson, by Special Deputy Attorney General Tirrill Moore, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender James R. Grant, for Defendant-Appellant.*

HAMPSON, Judge.

## **Factual and Procedural Background**

Leon Council (Defendant) appeals from Judgments entered upon jury verdicts finding him guilty of Felony Larceny and Felony Injury to Property to Obtain Non-Ferrous Metals. The Record before us, including evidence presented at trial, tends to reflect the following:

On the evening of 25 July 2021, Calvin Tinnen observed an alert on his phone informing him movement had been detected at one of his businesses. Tinnen viewed

the security camera from the location in question on his phone and saw someone tampering with one of the trucks on the property. Tinnen called and reported the incident to the Durham City Police Department. Shortly after receiving the phone call, Corporal J. Dodd of the Durham Police Department arrived at Tinnen's business and observed a vehicle leaving the property. The car got within one foot of the patrol car, and Corporal Dodd shined a spotlight into the car. Corporal Dodd recognized the driver "as somebody that I had dealt with before."

While the vehicle was leaving the property, Officer Kevin Watt of the Durham Police Department arrived in another patrol car. Both officers activated their emergency lights and attempted to pursue the vehicle. When the vehicle failed to stop, the officers terminated their pursuit in accordance with Department policy. Having noted the fleeing vehicle's license plate, the officers ran the license plate number through the database. Records indicated the vehicle was registered to Defendant. Corporal Dodd identified Defendant, pictured in his driver's license, as the person he saw driving the vehicle as it left the scene. Corporal Dodd later returned to Tinnen's property and reported a 1996 GMC Sierra had its catalytic converter and oxygen sensor removed.

On 25 October 2021, Defendant was indicted for Felony Larceny and Felony Injury to Property to Obtain Non-Ferrous Metals. Relevant to this appeal, the indictment for Injury to Property read as follows:

> [T]he jurors for the State upon their oath present that on or about

the date of the offense shown, and in the county named above, the defendant named above unlawfully, willfully, and feloniously did cut, mutilate, deface, and otherwise injure a red 1996 GMC Sierra, the personal property of Calvin Tinnen, for the purpose of obtaining non-ferrous metals.

This matter came on for trial on 13 November 2023. At the close of the State's evidence, Defendant moved to dismiss the Felony Injury to Property charge on the basis that the indictment failed to allege an essential element of the offense, specifically the value of the property damage. The trial court denied the Motion. On 14 November 2023, the jury returned verdicts finding Defendant guilty of both charges. The trial court sentenced Defendant to 16 to 29 months of imprisonment for each offense to be served consecutively. Defendant timely gave oral notice of appeal in open court.

## Issue

The sole issue on appeal is whether the trial court erred by denying Defendant's Motion to Dismiss based on insufficiency of the indictment.

## Analysis

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citation omitted). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Fritsch*, 351 N.C. 373, 378, 526

S.E.2d 451, 455 (2000) (citation omitted). Here, Defendant contends the trial court erred in denying his Motion to Dismiss because the indictment was insufficient to charge him with Felony Injury to Property to Obtain Non-Ferrous Metals.

"[A] valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony." *State v. Campbell*, 368 N.C. 83, 86, 772 S.E.2d 440, 443 (2015) (quoting *State v. Sturdivant*, 304 N.C. 293, 308, 283 S.E.2d 719, 729 (1981)). "A valid indictment, among other things, serves to 'identify the offense' being charged with certainty, to 'enable the accused to prepare for trial' and to 'enable the court, upon conviction, to pronounce the sentence.' " *State v. Rankin*, 371 N.C. 885, 886, 821 S.E.2d 787, 790 (2018) (quoting *State v. Saults*, 294 N.C. 722, 726, 242 S.E.2d 801, 805 (1978)). Further, indictments "protect the accused from being jeopardized by the State more than once for the same crime." *Sturdivant*, 304 N.C. at 311, 283 S.E.2d at 731 (citation omitted).

North Carolina law requires indictments to include a "plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation." N.C. Gen. Stat. § 15A-924(a)(5) (2023). "Thus, an indictment must allege 'all the essential elements of the offense endeavored to be charged.' " *State v. Mostafavi*, 370 N.C. 681, 685, 811 S.E.2d 138, 141 (2018) (quoting *State v. Hunt*, 357 N.C. 257, 267, 582 S.E.2d 593, 600 (2003)

- 4 -

(citation omitted)).

When reviewing the sufficiency of an indictment, a trial court must determine whether the indictment contains three elements: "(1) The offense is charged in a plain, intelligible, and explicit manner; (2) The offense is charged properly so as to avoid the possibility of double jeopardy; and (3) There is such certainty in the statement of the accusation as to enable the accused to prepare for trial and to enable the court . . . to pronounce sentence according to the rights of the case." *State v. Jones*, 110 N.C. App. 289, 291, 429 S.E.2d 410, 411-12 (1993) (quoting *State v. Reavis*, 19 N.C. App. 497, 498, 199 S.E.2d 139, 140 (1973)). "[A]n indictment couched in the language of the statute is generally sufficient to charge the statutory offense." *State v. Palmer*, 293 N.C. 633, 638, 239 S.E.2d 406, 410 (1977).

Defendant contests the sufficiency of the indictment on the charge of Felony Injury to Property to Obtain Non-Ferrous Metals. As to that charge, the indictment read:

> [T]he jurors for the State upon their oath present that on or about the date of the offense shown, and in the county named above, the defendant named above unlawfully, willfully, and feloniously did cut, mutilate, deface, and otherwise injure a red 1996 GMC Sierra, the personal property of Calvin Tinnen, for the purpose of obtaining non-ferrous metals.

Defendant specifically contends the State needed to allege the value of the property damage for the indictment to be valid. We disagree.

Which elements of this offense are essential and must be included in an

indictment is a matter of first impression before this Court. Our statutes set out this offense, in pertinent part, as follows:

> (b) Prohibited Act.--It is unlawful for a person to willfully and wantonly cut, mutilate, deface, or otherwise injure any personal or real property of another, including any fixtures or improvements, for the purpose of obtaining nonferrous metals in any amount.

> (c) Punishment.--Violations of this section are punishable as follows:
>     (1) Default.--If the direct injury is to property, and the amount of loss in value to the property, the amount of repairs necessary to return the property to its condition before the act, or the property loss (including fixtures or improvements) is less than one thousand dollars ($1,000), a violation shall be punishable as a Class 1 misdemeanor. If the applicable amount is one thousand dollars ($1,000) or more, but less than ten thousand dollars ($10,000), a violation shall be punishable as a Class H felony. If the applicable amount is ten thousand dollars ($10,000) or more, a violation shall be deemed an aggravated offense and shall be punishable as a Class F felony.

N.C. Gen. Stat. § 14-159.4(b)-(c)(1) (2023).

Although none of our courts have previously addressed this particular statute, our Supreme Court has considered a similar statute and issue in *State v. Mostafavi*, 370 N.C. 681, 811 S.E.2d 138 (2018). We find it instructive.

In *Mostafavi*, the defendant challenged the sufficiency of the indictment charging him with Obtaining Property by False Pretenses where he had allegedly stolen items from another's home and sold them to a pawn shop. *Id.* at 682-83, 811 S.E.2d at 139. The relevant statute in that case provided:

> If any person shall knowingly and designedly by means of any

kind of false pretense whatsoever, whether the false pretense is of a past or subsisting fact or of a future fulfillment or event, obtain or attempt to obtain from any person within this State any money, goods, property, services, chose in action, or other thing of value with intent to cheat or defraud any person of such money, goods, property, services, chose in action or other thing of value, such person shall be guilty of a felony . . . If the value of the money, goods, property, services, chose in action, or other thing of value is one hundred thousand dollars ($100,000) or more, a violation of this section is a Class C felony. If the value of the money, goods, property, services, chose in action, or other thing of value is less than one hundred thousand dollars ($100,000), a violation of this section is a Class H felony.

N.C. Gen. Stat. § 14-100(a) (2023).

The indictment in that case did not allege the amount of money the defendant had allegedly obtained; however, it did charge that the defendant "through false pretenses, knowingly and designedly obtained 'United States Currency from Cash Now Pawn' by conveying specifically referenced personal property, which he represented as his own." *Mostafavi*, 370 N.C. at 685, 811 S.E.2d at 141. The indictment described the personal property used to obtain money, referring to particular items, including the brands of those items. *Id.* Upon review, our Supreme Court concluded "the indictment did not need to include the amount of money obtained because it adequately advised defendant of the conduct that is the subject of the accusation." *Id.* at 686, 811 S.E.2d at 141. The Court noted the indictment clearly identified the pawned objects such that there could be no confusion as to the transactions at issue. *Id.* at 687, 811 S.E.2d at 142. Thus, the Supreme Court concluded, "by tracking the language of N.C.G.S. § 14-100(a) and clearly identifying

'the conduct which is the subject of the accusation,' the indictment is facially valid[.]"
*Id.* at 687, 811 S.E.2d at 142 (quoting N.C. Gen. Stat. § 15A-924(a)(5)).

*Mostafavi* is analogous to the case at hand. Defendant here, as in *Mostafavi*, challenges the sufficiency of the indictment for failure to allege the monetary value involved. The Supreme Court in *Mostafavi* noted the indictment satisfied notice principles because it referred to specific items that clearly identified the transaction that was the subject of the underlying offense. *Id.* That information was sufficient to provide the defendant reasonable notice of the conduct and transactions at issue, allowing him to prepare an adequate defense and mitigate double jeopardy concerns. *Id.* The indictment there referred to specific items, including the brands of those items. *Id.* at 685, 811 S.E.2d at 141. Similarly, the indictment in this case clearly identified the subject of the charge by naming the specific vehicle involved, including the year, make, model, and color. Further, the statutes for the respective offenses exhibit similar structures. Each sets out the elements of the respective offenses at the outset but go on to delineate the level of the offense based on the value of property or loss at issue. *Compare* N.C. Gen. Stat. § 14-159.4(c)(1) ("If the [applicable amount] is less than one thousand dollars ($1,000), a violation shall be punishable as a Class 1 misdemeanor. If the applicable amount is one thousand dollars ($1,000) or more, but less than ten thousand dollars ($10,000), a violation shall be punishable as a Class H felony. . . .") and N.C. Gen. Stat. § 14-100(a) ("If the value of the money, goods, . . . or other thing of value is one hundred thousand dollars ($100,000) or more, a

violation of this section is a Class C felony. If the value of the money, goods, . . . or other thing of value is less than one hundred thousand dollars ($100,000), a violation of this section is a Class H felony.").

Following the reasoning of *Mostafavi*, we conclude the present indictment is sufficient to charge Felony Injury to Property to Obtain Non-Ferrous Metals despite the omission of the value of the damage to the property at issue because the indictment contains a specific description of the crime charged, and its description of the property allegedly damaged tracks the language of the underlying statute. Defendant had reasonable notice, based on this information, to inform him of the offense charged, enable him to prepare a defense, and protect him against any risk of double jeopardy—as well as preparing a defense for the amount of property loss or repair costs if that were, in fact, at issue.

Thus, the indictment is facially valid. Therefore, the trial court did not err by denying Defendant's Motion to Dismiss. Consequently, the trial court did not err in entering the Judgment against Defendant upon the jury's verdict.[1]

---

[1] Additionally, we note that "[h]ad defendant 'need[ed] more information to mount his preferred defense,' he could have requested a bill of particulars under N.C.G.S. § 15A-925." *Mostafavi*, 370 N.C. at 685-86, 811 S.E.2d at 141 (quoting *State v. Spivey*, 368 N.C. 739, 743, 782 S.E.2d 872, 874-75 (2016)) (alterations in original). Under our statutes, a defendant may file a motion for a bill of particulars and "request and specify items of factual information desired by the defendant which pertain to the charge and which are not recited in the pleading," if the defendant alleges he "cannot adequately prepare or conduct his defense without such information." N.C. Gen. Stat. § 15A-925(b) (2023). "If any or all of the items of information requested are necessary to enable the defendant adequately to prepare or conduct his defense, the court must order the State to file and serve a bill of particulars." N.C. Gen. Stat. § 15A-925(c) (2023).

## **Conclusion**

Accordingly, for the foregoing reasons, we conclude there was no error in Defendant's trial and affirm the Judgment.


NO ERROR.

Chief Judge DILLON and Judge ARROWOOD concur.